HARDY & NEWSOME, INC., A CORPORATION, v. E. D. WHEDBEE, W. E. BALLANCE AND COLONY PINE COMPANY, A CORPORATION, AND R. C. BENNETT, INDIVIDUALLY, AND R. C. BENNETT, TRUSTEE FOR JAMES BENNETT AND GUNTER BENNETT, MINORS, PURPORTEDLY PARTNERS TRADING AS R. C. BENNETT BOX COMPANY.

(Filed 31 October, 1956.)

1. **Appearance § 1—**

   An appearance for the purpose of requesting continuances is a general appearance.

2. **Appearance § 2—**

   A general appearance waives service of process and gives the court jurisdiction to render a personal judgment.

3. **Same: Partnership § 7—**

   The general appearance of one partner gives the court jurisdiction to render judgment against the appearing partner individually and against the partnership property.

4. **Partnership § 6d—**

   The liability of partners for the torts of the partnership is joint and several.

5. **Automobiles § 54f—**

   An admission that the driver of a tractor was employed by a partnership precludes nonsuit on the issue of *respondeat superior*.

JOHNSON, J., not sitting.

APPEAL by defendants R. C. Bennett Box Company and R. C. Bennett, trustee, from *Bone, J.,* February 1956 Term, LENOIR.

Plaintiff, seeking to recover damages sustained as the result of the negligent destruction of its truck and cargo in February 1954, caused summons to issue for E. D. Whedbee, W. E. Ballance, and Colony Pine Company. Thereafter, on motion of plaintiff, process issued for "R. C. Bennett, individually, and R. C. Bennett, Trustee for James Bennett and Gunter Bennet, minors, purportedly partners trading as R. C. Bennett Box Company . . ." An answer was filed by "the defendants, R. C. Bennett, individually, and as Trustee for James Bennett and Gunter Bennett . . ." The answer was verified by Kenneth W. Forbes as "the manager of the R. C. Bennett Box Company, and the agent of R. C. Bennett individually and as Trustee for James Bennett and Gunter Bennett . . ."

The jury found that plaintiff was not injured by the negligence of defendant Whedbee.

The second issue, "Was the property of the plaintiff damaged through the negligence of the defendants, R. C. Bennett Box Company and

R. C. Bennett, Trustee, as alleged in the complaint?", was answered in the affirmative. Damages were assessed by the jury.

No answer having been filed by defendant Ballance, judgment by default and inquiry was rendered as to him prior to the trial.

Judgment was entered on the verdict against the defendants Ballance, R. C. Bennett Box Company, and R. C. Bennett, trustee. The latter two appealed.

*Whitaker & Jeffress and John G. Dawson for plaintiff appellees.*

*Jones, Jones & Jones and Jones, Reid & Griffin for defendant appellants.*

RODMAN, J.  Appellant assigns as error: (1) that the court did not allow the motion to dismiss the action as to R. C. Bennett Box Company; (2) failure to nonsuit as to R. C. Bennett and R. C. Bennett, trustee.

The complaint alleges in section 5 that W. E. Ballance "was employed by the defendants E. D. Whedbee and Colony Pine Company, Inc., and by R. C. Bennett, individually, and as trustee for James Bennett and Gunter Bennett, minors, purportedly a partnership and trading as R. C. Bennett Box Company, and that the defendant Ballance was at the time and place hereinafter alleged acting in furtherance of the business of said parties and within the scope of said employment." The answer filed by defendant Bennett admits in section 5 that Ballance "was employed to drive said tractor by R. C. Bennett Box Company."

It is insisted: (1) that R. C. Bennett Box Company, the partnership composed of R. C. Bennett, individually, and as trustee for James Bennett and Gunter Bennett is not a party to the action. Hence, it is said no judgment can be rendered against the partnership. (2) that Ballance was an employee of R. C. Bennett Box Company, a partnership, and not an employee of the individuals composing the partnership. Hence, it is said the motion of R. C. Bennett individually and as trustee to nonsuit should have been allowed.

We do not understand it to be suggested that R. C. Bennett as an individual and as trustee raises any question as to the service of summons or the authority of his counsel to enter a general appearance and to request and obtain continuances. Such an appearance is the equivalent of valid service of process. It waives the service of process and gives to the court the right to render a personal judgment. *Youngblood v. Bright,* 243 N.C. 599, 91 S.E. 2d 559; *In re Blalock,* 233 N.C. 493, 64 S.E. 2d 848. Hence the question is: Does the appearance of the partners defending an action in which liability is asserted against the partnership give the court authority to enter a judgment against the partnership? The answer is: Yes. *Winborne, J.* (now *C. J.*), speaking

in *Dwiggins v. Bus Co.*, 230 N.C. 234, said: "it is not necessary that all members of an alleged partnership should be served with summons. A partnership is represented by the partner who is served, and as to him a judgment in the action in which he is served would be binding on him individually, and as to the partnership property. But as to a partner not served with summons, the judgment would not be binding on him individually. Nevertheless even after judgment such partner could be brought in and made a party." *Heath v. Morgan*, 117 N.C. 504; *Palin v. Small*, 63 N.C. 484.

All members of the partnership are before the court by service of process or voluntary appearance.

The liability of partners for the torts of the partnership is joint and several. *Johnson v. Gill*, 235 N.C. 40, 68 S.E. 2d 788; *Keith v. Wilder*, 241 N.C. 672, 86 S.E. 2d 444; *Bagging Co. v. Byrd*, 185 N.C. 136, 116 S.E. 90; *Smoak v. Sockwell*, 152 N.C. 503, 67 S.E. 994. It being admitted that Ballance was employed by R. C. Bennett Box Company, it follows from this admission that the motion of the individual partners for nonsuit on the theory that they are not liable for the acts of Ballance was properly overruled. *Weaver v. Marcus*, 165 F. 2d 862, 175 A.L.R. 1305.

There is
No error.

JOHNSON, J., not sitting.