GEORGE W. FERRELL AND WIFE, CATHERINE H. FERRELL v. NORTH CAROLINA STATE HIGHWAY COMMISSION.

(Filed 30 June, 1960.)

**1. State § 3a—**

The State may not be sued unless by statute it has consented to be sued or has otherwise waived its immunity from suit. Art. IV, Sec. 9, Constitution of North Carolina.

**2. Same: Eminent Domain § 11—**

The State Highway Commission, as an agency of the State, may be sued only in the manner specifically authorized by statute, and the sole remedy against it for the taking of land for a public purpose is a special proceeding pursuant to G.S. 136-19 and G.S. 40-12 *et seq*, with the sole exception that where the circumstances are such that no statutory procedure is applicable or adequate, the owner, in the exercise of his constitutional rights, may maintain a common law action for compensation.

**3. Contracts § 25: Judgments § 10—**

Since a consent judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, where the consent judgment sued on is set out in the complaint the effect and construction of the agreement must be determined upon demurrer on the basis of the specific provisions of the judgment rather than the more broadly stated allegations in the complaint or the conclusions of the pleader as to its character and meaning.

**4. Judgments § 10—**

A consent judgment, being the contract of the parties, must be construed as a whole to ascertain its meaning and effect.

**5. Eminent Domain § 11—**

> A consent judgment between the Highway Commission and the owner of land which provides for the payment of a stipulated sum as compensation for a right of way and also the limitation of access to the highway, with further provision that the right of access should be limited to service roads constructed and to be constructed with access to the highway only at points selected and provided by the Commission in its discretion, does not obligate the Commission to construct service roads, and no cause of action arises upon the failure of the Commission to do so.

**6. Contracts § 12—**

> Where a contract deals with the subject matter in detailed, clear and specific language, it will be presumed that the parties inserted therein every provision regarded as material, and additional provisions will not ordinarily be implied in the face of the detailed treatment of the matter in the agreement.

APPEAL by plaintiffs from *Mallard, J.,* January 1960 Civil Term, of DURHAM.

This is a civil action instituted 8 December 1959 in the Superior Court of Durham County.

Complaint alleges: Prior to 2 August 1956 W. L. King and wife owned approximately 17 acres of land. Defendant Highway Commission in exercise of its right of eminent domain took an easement of right of way through and across said land for construction of a hard-surfaced thoroughfare known as U. S. Highway 15 By-pass. King and wife instituted a proceeding before the Clerk of Superior Court to recover of defendant compensation for the taking of easement. The parties reached an agreement and entered into a consent judgment before the Clerk on 13 May 1955 by the terms of which King and wife were paid the sum of $2,500.00 and defendant agreed to "furnish the Kings access to the main paved lanes of the highway by means of service roads to be constructed by the Highway Commission on each side of the main paved lanes at its own expense." Copy of the consent judgment is attached to and made a part of the complaint. On 2 August 1956 King and wife for a consideration of $7,000.00 conveyed to plaintiffs by warranty deed 12.13 acres, the portion of the tract situate on the northwest side of the right of way and abutting thereon. Plaintiffs purchased with knowledge of the contents of the consent judgment. On 23 November 1959, by separate instrument in writing, the Kings assigned to plaintiffs "all their interest and rights arising out of the said (consent judgment) . . . pertaining to the tract of land . . . conveyed to (plaintiffs)." Plaintiffs have demanded that defendant construct service roads to provide access to the highway from plaintiffs' land but defendant has refused. Plain-

tiffs do not have an adequate remedy at law. A reasonable time for construction of the service roads has expired. Plaintiffs pray specific performance of the contract, that is, that defendant be ordered to construct the service roads, or in the alternative for recovery of $7,000.00 damage to the land by reason of the breach of the contract.

The pertinent portions of the consent judgment are:

". . . (T)he estate or interest acquired by the . . . Commission for the public use in said lands is an easement of right of way across same, including the limitation of access to the main or paved lanes of said project as set out in the pleadings herein and more particularly hereinafter described."

"It is ordered, adjudged and decreed:

"1. (The judgment declares the acquisition and purposes of the right of way, gives the description, and states that it is 260 feet wide and distance across petitioners' land is 640 feet. Then is given the provision relating to limitation of access which follows). ". . . that the right of access to the main paved lanes of said project will be limited to service roads constructed or to be constructed on each side of the main paved lanes with no right of access to the said main paved lanes except as provided by the respondent herein and with the right of selection to be solely in the discretion of the respondent."

"2. That the sum of TWENTY-FIVE HUNDRED DOLLARS ($2500.00) is the full, fair and adequate value of and represents just compensation for the easement of right of way in, over, upon and across the lands of the Petitioners and the past and future use thereof by the . . . Commission, its successors and assigns, for all purposes for which the said Commission is authorized by law to subject the same, including the limitation of access as above set forth."

Defendant demurred to the complaint "for that (Superior Court) does not have jurisdiction of this action as to this defendant and . . . complaint does not allege facts sufficient to constitute a cause of action against this defendant . . ." In support of the demurrer it is stated: (1) defendant may be sued only for such causes and in such manner as are specifically authorized by statute; (2) there is no statute granting the Superior Court original jurisdiction of any suit against defendant, and (3) that an action for breach of contract will not lie against this defendant.

The court sustained the demurrer and dismissed the action. Plaintiffs appealed and assigned error.

*Robert I. Lipton, F. Gordon Battle; Bryant, Lipton, Strayhorn & Bryant for plaintiffs, appellants.*

FERRELL v. HIGHWAY COMMISSION.

*Attorney General Bruton, Assistant Attorney General Wooten, Charles W. Barbee, Jr., and Reade, Fuller, Newsom & Graham for defendant, appellee.*

MOORE, J.  The demurrer challenges the jurisdiction of the Superior Court to adjudicate the matters alleged in the complaint.

The action sounds in contract. Plaintiffs seek specific performance of the alleged contract and to that end a mandatory injunction, or in the alternative damages for alleged breach of contract.

The State may not be sued unless by statute it has consented to be sued or has otherwise waived its immunity from suit. Article IV, section 9, Constitution of North Carolina; *Smith v. Hefner*, 235 N.C. 1, 6, 68 S.E. 2d 783. The North Carolina State Highway Commission is an unincorporated governmental agency of the State and not subject to suit except in the manner expressly authorized by statute, and against it an action in contract will not lie. *Dalton v. Highway Com.*, 223 N.C. 406, 407, 27 S.E. 2d 1. It may not be sued in tort. *Schloss v. Highway Com.*, 230 N.C. 489, 492, 53 S.E. 2d 517. Where private property has been taken for highway purposes, the only remedy available to the owner is a special proceeding pursuant to G.S. 136-19 and G.S. 40-12 *et seq. Moore v. Clark*, 235 N.C. 364, 367, 70 S.E. 2d 182.

Our Court recognizes an exception to the foregoing general rules. "A constitutional prohibition against taking or damaging private property for public use without just compensation is self-executing, and neither requires any law for its enforcement, nor is susceptible of impairment by legislation." *Sale v. Highway Commission*, 242 N.C. 612, 617, 89 S.E. 2d 290. ". . . (W)hen private property is *taken* under circumstances such that no procedure provided by statute affords an applicable or adequate remedy, the owner, in exercise of his constitutional rights, may maintain an action to obtain just compensation therefor." *Cannon v. Wilmington*, 242 N.C. 711, 713, 89 S.E. 2d 595.

To maintain the present cause of action it is incumbent upon the plaintiffs to allege facts which tend to show, or from which may be inferred: (1) that defendant obligated and agreed to construct service roads on each side of the main paved lane of the project as a part of the consideration for the right of way; (2) that defendant has failed to perform the agreement; and (3) that there is no procedure by statute affording an applicable or adequate remedy.

The complaint utterly fails to allege such cause of action or any cause of action against defendant. The complaint fails to allege a contract on the part of defendant to construct service roads.

The instrument, alleged to be a contract, is the consent judgment in the condemnation proceedings by the Kings against defendant. It is made a part of the complaint by reference. It is true that a consent judgment is the contract of parties to litigation entered upon the records with the approval and sanction of a court of competent jurisdiction. *Armstrong v. Insurance Co.*, 249 N.C. 352, 356, 106 S.E. 2d 515. Plaintiffs claim benefits under the consent judgment as assignees of the Kings.

"Since the contract is made a part of the complaint, and is alleged as the sole basis of recovery, the Court will look to its particular provisions rather than the more broadly stated allegations in the complaint, or the conclusions of the pleader as to its character and meaning." *Williamson v. Miller*, 231 N.C. 722, 726, 58 S.E. 2d 743.

The following statement appears in the preamble to the consent judgment proper: ". . . the estate or interest acquired by the . . . Commission for the public use in said lands is an easement of right of way across the same, including the limitation of access to the main or paved lanes of said project as set out in the pleadings herein and more particularly hereinafter described . . ." It must be assumed that the pleadings referred to do not enlarge or supplement the terms of the consent judgment since the above quoted excerpt states that the limitation of access as set out in the pleadings is *more particularly* described in the consent judgment.

Plaintiffs rely upon the following provision of the consent judgment to show a contract: ". . . the right of access to the main paved lanes of the project will be limited to service roads constructed or to be constructed on each side of the main paved lanes with no right of access to the said main paved lanes except as provided by the respondent herein and with the right of selection to be solely in the discretion of the respondent." Plaintiffs' main emphasis is upon the phrase, "service roads constructed or to be constructed on each side of the main paved lanes." Plaintiffs contend that this constitutes a contract to construct service roads on each side of the main paved lanes immediately or within a reasonable time. We do not agree.

Of course the consent judgment as a whole is a contract. It is therefore necessary to construe this contract to ascertain whether or not the portion relied on by plaintiffs has the meaning and effect attributed to it by them. It is the purpose of the contract to convey to defendant herein the easement of right of way in, over, through and across the land of the Kings *"including* the limitation of access." This is repeated over and over again in the consent judgment. Defendant is to pay the Kings $2500.00 as "the full, fair and adequate value

of" and "just compensation for the easement of right of way . . . *including* the limitation of access." This is likewise repeatedly stated.

So it is clear that it is not the purpose of the contract to provide and assure access. On the contrary, it is the purpose of the agreement to limit access. The instrument undertakes to define and describe that limitation. This description is the portion of the instrument upon which plaintiffs rely to make out their case. But it is a negative, not a positive, provision. It purports to take from and not to add to the rights of the Kings, grantors. "The right of access will be *limited* to service roads constructed and to be constructed." This means simply that the grantors shall have right of access only by service roads already constructed or such as may be constructed in the future. The definition or description of the "limitation of access" further provides that such service roads shall have access to the main paved lanes only at points selected and provided by the Commission in its discretion.

Certainly there is no clear, definite, specific and unqualified agreement to build service roads. But it will be observed that as to all other matters the contract is detailed, clear and specific. If there had been an intent on the part of the contracting parties to obligate the Commission to construct service roads, it is reasonable to assume that the contract would have definitely stated the specific location, materials, specifications and time for construction of such service roads. "The parties undertook to reduce their agreement to writing, and presumably inserted every provision regarded material, and it is a well recognized principle that there can be no implied contract where there is an express contract between the parties in reference to the same subject-matter." *Manufacturing Co. v. Andrews*, 165 N.C. 285, 290, 81 S.E. 418. The contract is not ambiguous. Plaintiffs, assignees, read into the contract provisions that are not there.

The consent judgment repeatedly states that the sum of $2500.00 is the full, fair and adequate value of and just compensation for the right of way and also the limitation of access. It nowhere mentions or suggests that any other consideration is to be given. There is no contention that the $2500.00 has not been paid as agreed.

The judgment below is

Affirmed.