DENNIS RHONEY, Co-Administrator of the Estate of Vincent Wade Rhoney and Patsy C. Rhoney, Co-Administrator of the Estate of Vincent Wade Rhoney, Plaintiffs v. TONY KONA FELE, DEVON VONSHELL FURTICK, and NURSEFINDERS OF INDIANAPOLIS, INC., t/a d/b/a NURSEFINDERS OF CHARLOTTE, Defendants

No. COA98-1299

(Filed 17 August 1999)

### 1. Employer and Employee— summary judgment—negligence—no employer-employee relationship

In a negligence case arising out of a fatal automobile accident, the trial court did not err in granting summary judgment in favor of corporate defendant Nursefinders, who recruits pools of nurses to supply supplemental staff to area medical facilities, because there was no genuine issue of material fact as to whether defendant-nurse Tony Fele, who was involved in the accident, was Nursefinders' employee. Nursefinders' role was similar to that of a broker or other middleman, and Nursefinders exercised insufficient control over Fele to create an employee-employer relationship.

### 2. Joint Venture— summary judgment—imputed negligence—no joint venture

In a negligence case arising out of a fatal automobile accident, the trial court did not err by granting summary judgment against plaintiffs on their claim of imputed negligence by joint venture because plaintiffs have not forecast evidence that defendant-nurse Tony Fele, who was involved in the accident, had an equal, legal right to control the conduct of corporate defendant Nursefinders "with respect to prosecution of the common purpose."

Appeal by plaintiffs from order and judgment entered 3 September 1998 by Judge James E. Lanning in Catawba County Superior Court. Heard in the Court of Appeals 10 June 1999.

*Sigmon, Sigmon & Isenhower, by W. Gene Sigmon and Amy Rebecca Sigmon, and Sigmon, Clark, Mackie, Hutton & Hanvey, P.A., by E. Fielding Clark, II, for plaintiff-appellants.*

*Golding, Meekins, Holden, Cosper & Stiles, L.L.P., by Harvey L. Cosper, Jr. and John A. Stoker, for defendant-appellee Nursefinders of Indianapolis, Inc.*

EDMUNDS, Judge.

Plaintiffs appeal the trial court's grant of summary judgment in favor of defendant Nursefinders, contending that the trial court's grant of defendant's summary judgment motion was erroneous. We affirm.

Corporate defendant Nursefinders recruits pools of nurses in various geographical regions to supply supplemental staff to area medical facilities. A hospital needing additional nursing staff could call Nursefinders and request that a nurse be sent to the hospital for a specific shift. Nursefinders would contact a member of its pool and offer the work, which the nurse was free to accept or reject. If the nurse accepted, Nursefinders paid the nurse a portion of the payment it received from the hospital. Defendant Fele (Fele) was a member of Nursefinders' nursing pool. While driving from Charlotte to a hospital in Hickory, where he had agreed to provide nursing services, Fele was involved in a fatal automobile accident with Vincent Wade Rhoney. The accident occurred as Fele attempted to pull into a service station to call the hospital for final directions. Fele was driving an automobile owned by his wife, defendant Furtick.

Plaintiffs, co-administrators of the estate of their son, initiated this action for property damage and wrongful death. In their amended complaint, plaintiffs alleged that the negligence of Fele was to be imputed to Nursefinders by virtue of joint venture and by an employee-employer relationship, and that Nursefinders was negligent in its supervision of Fele. Nursefinders moved for summary judgment, and on 31 August 1998, the trial court granted Nursefinders' motion, effectively finding that Fele was an independent contractor. Plaintiffs appeal, contending that summary judgment as to one of several defendants affected their substantial right to have issues pertaining to the death of the victim determined in a single proceeding. The trial court certified the case for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. We agree that granting Nursefinders' motion affects plaintiffs' substantial right and that this appeal is properly before this Court. See N.C. Gen. Stat. § 1-277(a) (1996).

[1] We first address the relationship between defendants Fele and Nursefinders. Plaintiffs contend the trial court erred in granting summary judgment for Nursefinders because there was a genuine issue of material fact as to whether Fele was Nursefinders' employee. Nursefinders responds that Fele was an independent contractor, and

that even if Fele were an employee, any negligence on his part occurred outside the scope of his employment and may not be imputed to Nursefinders. "Whether one is an independent contractor or an employee is a mixed question of law and fact. The factual issue is: What were the terms of the parties' agreement? Whether that agreement establishes a master-servant or employer-independent contractor relationship is ordinarily a question of law." *Yelverton v. Lamm*, 94 N.C. App. 536, 538, 380 S.E.2d 621, 623 (1989) (citing *Beach v. McLean*, 219 N.C. 521, 525, 14 S.E.2d 515, 518 (1941)). Therefore, as an initial matter we must determine whether there were issues of material fact as to the terms of the parties' agreement.

Although Fele and Nursefinders did not have a written contract expressly setting out the nature of their relationship, the evidence is uncontested that Fele was a member of Nursefinders' labor pool; that Nursefinders would contact Fele about a potential assignment; that Fele had the option of accepting or refusing the potential assignment; that if he accepted an assignment, Fele would ordinarily pick up a packet concerning the work at Nursefinders' office; and that the packet included a map, directions to the hospital, and the name and telephone number of a contact person at the hospital. There was also evidence that Nursefinders typically matched a nurse in its pool with the type of service requested, set the rate schedule for the provided nurse, billed the medical facility for the nurse's work at an hourly rate, paid the nurse while retaining a portion of those billed funds, and withheld various state and federal taxes from those payments to the nurse. If the medical facility was more than fifty miles from Charlotte, Nursefinders charged the hospital a higher rate and paid the nurse more. Nursefinders required the nurse to provide his or her own transportation to the medical facility.

These facts (and others discussed below) are uncontested; consequently there are no issues of material fact as to the parties' agreement. Therefore, we must next determine as a matter of law whether this agreement created an employer-employee relationship or set up an independent contractor. Generally, "[a]n independent contractor is 'one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work.' " *Cook v. Morrison*, 105 N.C. App. 509, 513, 413 S.E.2d 922, 924 (1992) (quoting *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 384, 364 S.E.2d 433, 437, *reh'g denied*, 322 N.C. 116, 367 S.E.2d 923 (1988)). We must consider " 'whether the party for whom the work is

being done *has the right to control the worker with respect to the manner or method of doing the work*, as distinguished from the right merely to require certain definite results conforming to the contract.' " *Grouse v. DRB Baseball Management*, 121 N.C. App. 376, 381, 465 S.E.2d 568, 571 (1996) (quoting *Scott v. Lumber Co.*, 232 N.C. 162, 165, 59 S.E.2d 425, 426-27 (1950)).

Our Supreme Court has enunciated a more specific analysis, which this Court applied in *Gordon v. Garner*, where we stated:

> In *Hayes v. Elon College*, our Supreme Court concluded that the central issue in determining whether one is an independent contractor or an employee is whether the hiring party "retained the right of control or superintendence over the contractor or employee as to details." The [C]ourt then went on to explain that there are generally eight factors to be considered, none of which [is by itself] determinative, when deciding the degree of control exercised in a given situation. These factors include whether:
>
> The person employed (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

127 N.C. App. 649, 658-59, 493 S.E.2d 58, 63 (1997) (footnotes omitted) (quoting *Hayes v. Elon College*, 224 N.C. 11, 16, 29 S.E.2d 137, 140 (1944)), *disc. review denied*, 347 N.C. 670, 500 S.E.2d 86 (1998).

*Gordon* involved review of an order granting summary judgment, as does the instant case. In *Gordon*, a trucking company maintained a pool of independent truck owner-operators who could be contracted to deliver sand if the company's trucks were busy. One of these pool truckers was involved in an accident. We concluded from an examination of the record on appeal that summary judgment was appropriate because the pool driver (Garner) was an independent contractor rather than an employee. In applying the *Hayes* test to the facts in *Gordon*, this Court focused on several facts: (1) that Garner was engaged in an independent business, (2) that Garner had inde-

**RHONEY v. FELE**

[134 N.C. App. 614 (1999)]

pendent use of his special skills and training in the execution of his work, (3) that the purported employer trucking company "exercised no direct control over the particular daily activities of Garner," (4) that no representative of the purported employer ever instructed Garner on the particulars of the operation of his affairs other than directions to his destination at the customer's business, (5) that Garner was free to decide when and how long he wanted to work and when he would take breaks, and (6) that Garner had the right to seek other employment. *Id.* at 659-60, 493 S.E.2d at 63-64.

Another instructive case is *Youngblood*, 321 N.C. 380, 364 S.E.2d 433, in which our Supreme Court held that, for Worker's Compensation Act purposes, a plaintiff who was injured while demonstrating use of specialized tools to defendant's employees was also an employee. There, the Court applied four factors, which were supported by the preponderance of the evidence adduced at trial. "Payment of a fixed contract price or lump sum ordinarily indicates that the worker is an independent contractor, while payment by a unit of time, such as an hour, day, or week, is strong evidence that he is an employee." *Id.* at 384, 364 S.E.2d at 438 (citations omitted). The Court also considered the purported employee's freedom to secure assistance (either equipment or labor) in performing required tasks and noted that "[a] lack of this freedom indicates employment." *Id.* at 385, 364 S.E.2d at 438. Next, the Court addressed scheduling. "[W]here the worker must conform to a particular schedule and perform his job only during hours when the [purported employer's] employees are available, the relationship is normally one of employment." *Id.* The fourth factor that the Court applied was control of the employment. "The right to fire is one of the most effective means of control. An independent contractor is subject to discharge only for cause and not because he adopts one method of work over another. An employee, on the other hand, may be discharged without cause at any time." *Id.* (citations omitted). In considering this final factor, the Court went on to note that "[w]here a worker is to be paid by a unit of time, it may be fairly inferred that he has no legal right to remain on the job until it is completed. The employer may discharge him with no obligation other than to pay wages for the units of time already worked." *Id.* (citation omitted).

Guided by the principles set out in *Gordon, Hayes,* and the other cases cited above, we now turn to the case at bar. The following factors support a finding that Fele was an independent contractor: (1) as a registered nurse, Fele was engaged in an independent profession;

(2) Fele could and did provide nursing services through other placement services; (3) Fele exercised his duties and responsibilities as a nurse at the hospital, free from supervision by Nursefinders; (4) Fele's work through Nursefinders was sporadic rather than regular; (5) Fele was able to accept or reject a job assignment offered by Nursefinders; and (6) Nursefinders did not provide Fele with valuable equipment. *See Barber v. Going West Transportation, Inc.*, 134 N.C. App. 428, 517 S.E.2d 914 (1999). On the other hand, the following factors support a finding that Fele was an employee of defendant Nursefinders: (1) Fele was paid an hourly rate with overtime and incentive pay, rather than a lump sum for a particular assignment; (2) Fele was not free to select his assistants; (3) Fele was not able unilaterally to choose his own time to work under Nursefinders' auspices; (4) Nursefinders received payment for Fele's services from the hospital and, after deducting Nursefinders' share and paying state and federal taxes, forwarded the remaining wages to Fele; (5) Nursefinders could terminate its relationship with Fele; and (6) Nursefinders provided Fele with a work packet and directions to the assigned place of work. We do not purport to list every factor suggested by the parties in their briefs and arguments; those listed above appear to us most significant in determining this issue. Moreover, a mere recitation of factors is insufficient. We must also weigh these factors, bearing in mind the admonition of *Gordon* and *Hayes* that the key factor is "control."

These factors demonstrate that while Nursefinders exercised control over extraneous aspects of Fele's work, such as the dates and times when work was offered and collection of his salary, Nursefinders exercised no control over Fele's nursing, the function for which hospitals sought him. To the contrary, Fele was a free agent who could and did maintain similar arrangements with other suppliers of medical personnel, and who could and did accept or reject work offered to him through Nursefinders, as suited him. Conversely, Nursefinders could not compel Fele to take any particular assignment. Once Fele accepted work proposed by Nursefinders, Fele was not under any control by Nursefinders while working. Apparently the relationship could be terminated at will by either party at any time. Thus, Nursefinders' role was similar to that of a broker or other middleman. We therefore agree with the trial court that, as a matter of law, Nursefinders exercised insufficient control to create an employee-employer relationship between Fele and Nursefinders. Accordingly, we affirm the trial court's granting of Nursefinders' motion for summary judgment. This assignment of error is overruled.

**[2]** Plaintiffs next contend that the trial court erred by granting summary judgment on their claim of imputed negligence by joint venture. "Joint venture" is synonymous with "joint adventure." *See Pike v. Trust Co.*, 274 N.C. 1, 8, 161 S.E.2d 453, 460 (1968) (citations omitted). For a joint adventure to exist, "[t]here must be (1) an agreement, express or implied, to carry out a single business venture *with joint sharing of profits*, and (2) an *equal right of control* of the means employed to carry out the venture." *Edwards v. Bank*, 39 N.C. App. 261, 275, 250 S.E.2d 651, 661 (1979). "The control required for imputing negligence under a joint enterprise theory is not actual physical control, but the *legal right* to control the conduct of the other with respect to the prosecution of the common purpose." *Slaughter v. Slaughter*, 93 N.C. App. 717, 721, 379 S.E.2d 98, 101 (citation omitted), *disc. review allowed*, 325 N.C. 273, 384 S.E.2d 519 (1989), *review dismissed as improvidently allowed*, 326 N.C. 479, 389 S.E.2d 803 (1990). Here, plaintiffs have forecast no evidence that Fele had an equal, legal right to control the conduct of Nursefinders "with respect to prosecution of the common purpose." *Id.* For that reason, summary judgment as to the claim of joint venture was properly granted. This assignment of error is overruled.

Affirmed.

Judges WALKER and McGEE concur.