RIFENBURG CONSTRUCTION, INC., PLAINTIFF v. BRIER CREEK ASSOCIATES LIMITED PARTNERSHIP, NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, RTP ASSEMBLAGE ASSOCIATES, LLC; ATHENA AIRPORT ASSEMBLAGE, LP; AND ATHENA AIRPORT ASSEMBLAGE CORP, DEFENDANTS

No. COA02-1391

(Filed 21 October 2003)

**1. Immunity— sovereign—road building agreement with property owner—no waiver for contractor**

There was no contract, and no waiver of sovereign immunity, between the North Carolina Department of Transportation and a contractor who had been hired to build a road by defendant Brier Creek. Because public monies partially funded the project, NCDOT concurred in the award of the contract under N.C.G.S. § 136-28.6, but NCDOT did not award the contract to plaintiff and plaintiff's own actions indicate that it was aware that it was entering into a contract with Brier Creek rather than NCDOT.

**2. Immunity— sovereign—joint venture—road building**

There was no joint venture, and no waiver of sovereign immunity as to a contractor, where NCDOT entered into a contract with a property owner to share costs for the construction of a roadway which resulted in NCDOT acquiring a right-of-way at no additional costs. The authorizing statute, N.C.G.S. § 136-28.6, does not refer to a joint venture; moreover, plaintiff failed to establish the elements of a joint venture in that NCDOT's involvement amounted to unilateral approval of the quality of work performed by the property owner.

**3. Immunity— sovereign—partnership—road building**

NCDOT was not a partner with a property owner, and did not waive sovereign immunity as to a contractor, where NCDOT contracted with the property owner to share the costs of building the road and to receive a right-of-way at no additional cost. The authorizing statute, N.C.G.S. § 136-28.6, does not refer to the cre-

RIFENBURG CONSTR., INC. v. BRIER CREEK ASSOCS. LTD. P'SHIP

[160 N.C. App. 626 (2003)]

ation of a partnership, and nothing in the agreement between the property owner and NCDOT indicates that the parties entered into an agreement as co-owners of a business for profit.

**4. Highway and Streets— road building—agreement with state—remedies**

The remedies available under N.C.G.S. § 136-29 are not applicable to a contractor who contracted with the owner of a tract of land for the building of a road. Those remedies are only available to a contractor who has completed a contract with NCDOT; plaintiff neither entered into nor completed a contract with NCDOT.

Judge WYNN dissenting.

Appeal by defendant North Carolina Department of Transportation from order entered 17 May 2002 by Judge Leon Stanback in Wake County Superior Court. Heard in the Court of Appeals 16 September 2003.

*Safran Law Offices, by Victor A. Anderson, Jr. and Bonnor E. Hudson, III, for plaintiff-appellee.*

*Attorney General Roy Cooper, by Assistant Attorney General Joseph E. Herrin, for defendant-appellant North Carolina Department of Transportation.*

TYSON, Judge.

The North Carolina Department of Transportation ("NCDOT") appeals from an order denying its motion to dismiss, upon sovereign immunity grounds, Rifenburg Construction, Inc.'s ("plaintiff") third cause of action.

I. Facts

Plaintiff is a New York corporation that is authorized to do business in North Carolina. Defendant Brier Creek Associates Limited Partnership ("Brier Creek") is a Delaware limited liability corporation authorized to do business in North Carolina. Defendants RTP Assemblage Associates, LLC, Athena Airport Assemblage, LP, and Athena Airport Assemblage Corp are either general or limited partners of Brier Creek. NCDOT is an agency of the State of North Carolina.

Brier Creek owned a large tract of land located within Wake County, North Carolina and desired to construct a road across the property. This road was to extend from U.S. Highway 70 to Aviation Parkway and would be dedicated to the State of North Carolina as a public road. On 6 May 1998, NCDOT and Brier Creek entered into a construction agreement ("agreement") pursuant to N.C. Gen. Stat. § 136-28.6. This statute authorizes NCDOT to participate in private engineering and construction contracts for roads that will be constructed by private developers and become part of the State's highway system. Pursuant to the agreement, Brier Creek was to construct a four-lane divided roadway for travel between Aviation Parkway and U.S. Highway 70. The right-of-way for the roadway was to be conveyed to NCDOT prior to Brier Creek advertising for competitive bids to construct this project. The agreement provided that construction costs would be shared equally between Brier Creek and NCDOT. NCDOT was to approve Brier Creek's award of the construction contract if NCDOT was to share in the costs. After completion of construction, the road would be absorbed into the State's highway system and maintained by NCDOT.

On 12 April 1999, Brier Creek conveyed by deed the right-of-way for the road to NCDOT. On 17 June 1999, Brier Creek and plaintiff entered into a contract to construct the roadway. NCDOT concurred in the awarding of this contract. Plaintiff began work on the roadway, completed phase I, and was paid for its work. By 6 May 2001, plaintiff had completed phase II and the roadway was accepted by NCDOT as part of the State's highway system. On 5 April 2001, the roadway was open for traffic. On 4 May 2001, NCDOT accepted maintenance of the roadway.

Plaintiff is still owed in excess of $1,056,915.76 for construction of the roadway. Brier Creek and its partners refused to pay plaintiff the money owed. Plaintiff filed a lien against the property upon which the road is located on 30 August 2001. On 2 November 2001, plaintiff filed a complaint alleging that NCDOT was liable to plaintiff for the amount owed. Plaintiff filed its verified claim on 23 January 2002, in accordance with the 1995 NCDOT Standard Specifications Section 107-25 and N.C. Gen. Stat. § 136-29. NCDOT denied plaintiff's claim. The trial court denied NCDOT's motion to dismiss. NCDOT appeals.

## II. Issue

The sole issue is whether the trial court erred in denying NCDOT's motion to dismiss pursuant to Rules 12(b)(1), (b)(2), (b)(6),

and (h)(3) of the North Carolina Rules of Civil Procedure, based on the doctrine of sovereign immunity.

### III. Sovereign Immunity

The defense of sovereign immunity is a matter of personal jurisdiction that falls under Rule 12(b)(2) of the North Carolina Rules of Civil Procedure. *Zimmer v. N.C. Dep't of Transp.*, 87 N.C. App. 132, 134, 360 S.E.2d 115, 116 (1987). In other cases, our courts have held sovereign immunity to also be a defense under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 328, 293 S.E.2d 182, 184 (1982).

As a sovereign, the State is immune from suit absent its waiver of immunity. *Guthrie v. State Ports Auth.*, 307 N.C. 522, 534, 299 S.E.2d 618, 625 (1983). "Sovereign immunity is a legal principle which states in its broadest terms that the sovereign will not be subject to any form of judicial action without its express consent." *Id.* at 535, 299 S.E.2d at 625. The State is not subject to suit "unless by statute it has consented to be sued or has otherwise waived its immunity from suit." *Ferrell v. North Carolina State Highway Comm'n*, 252 N.C. 830, 833, 115 S.E.2d 34, 37 (1960). Our Supreme Court has held:

> It is axiomatic that the sovereign cannot be sued in its own courts or in any other without its consent and permission. Except in a limited class of cases the State is immune against any suit unless and until it has expressly consented to such action. . . . An action against a Commission or Board created by Statute as an agency of the State where the interest or rights of the State are directly affected is in fact an action against the State. The State is immune from suit unless and until it has expressly consented to be sued. It is for the General Assembly to determine when and under what circumstances the State may be sued.

*Great American Ins. Co. v. Comm'r of Ins.*, 254 N.C. 168, 172-73, 118 S.E.2d 792, 795 (1961) (quoting *Prudential Ins. Co. of America v. Powell*, 217 N.C. 495, 8 S.E.2d 619, 621 (1940)) (internal citations omitted). Sovereign immunity can be waived when the State enters into a valid contract. *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). The State "implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Id.*

### A. Contract between NCDOT and Plaintiff

[1] N.C. Gen. Stat. § 136-18(1) (2001) gives NCDOT the authority to enter into contracts for the construction of highways. N.C. Gen. Stat. § 136-28.1 (2001) sets forth NCDOT's contract letting procedures. N.C. Gen. Stat. § 136-28.6 (2001) allows NCDOT to participate in private engineering and construction agreements for roads constructed by private developers that will become part of the State's highway system upon completion. The General Assembly limited NCDOT's involvement in private agreements under N.C. Gen. Stat. § 136-28.6. This statute requires the developer, not NCDOT, to let the contract. NCDOT agrees to share in the costs of the project conditioned upon the right-of-way to the roadway being provided without cost to NCDOT. NCDOT merely concurs in the award of the contract. While both NCDOT and the developer share in the construction costs, the developer is responsible for and manages the project. Construction is required to be completed in accordance with the State's standards for road construction. Agreements between developers and NCDOT are memorialized in a "Construction Agreement."

Here, the contract between Brier Creek and plaintiff was not let pursuant to N.C. Gen. Stat. § 136-28.1. Rather, the contract at issue was a "Construction Agreement" under N.C. Gen. Stat. § 136-28.6. NCDOT did not advertise for the construction of the roadway or solicit bids as required by N.C. Gen. Stat. § 136-28.1. NCDOT did not award the contract to plaintiff or give notice of the award to plaintiff. Because public monies partially funded the construction of the roadway, NCDOT concurred in the award to plaintiff by Brier Creek pursuant to N.C. Gen. Stat. § 136-28.6. Plaintiff's own actions indicate that plaintiff was aware that it was entering into a contract with Brier Creek, not NCDOT.

Our Supreme Court has held:

> We will not imply a contract in law in derogation of sovereign immunity. . . . We emphasized, however, that "[t]he State is liable only upon contracts *authorized by law*. When it enters into a contract it does so voluntarily and authorizes its liability. Consistent with the reasoning of *Smith*, we will not first imply a contract in law where none exists in fact, then use that implication to support the further implication that the State has intentionally waived its sovereign immunity and consented to be sued for damages for breach of the contract it never entered in fact. Only when the State has implicitly waived sovereign immunity by *expressly*

entering into a *valid* contract . . . may a plaintiff proceed with a claim against the State upon the State's breach.

*Whitfield v. Gilchrist*, 348 N.C. 39, 42-43, 497 S.E.2d 412, 415 (1998) (quoting *Smith v. State*, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976)) (internal citations omitted). No contract was entered into between NCDOT and plaintiff. NCDOT did not waive its sovereign immunity as to plaintiff.

### B. Joint Venture between NCDOT and Brier Creek

[2] N.C. Gen. Stat. § 136-28.6 (2001) specifically authorizes NCDOT to participate in private engineering and construction agreements for roads constructed by private developers that become part of the State's highway system upon completion. Plaintiff contends that when NCDOT entered into the agreement with Brier Creek, pursuant to N.C. Gen. Stat. § 136-28.6, it waived its sovereign immunity and formed a joint venture with Brier Creek. Plaintiff argues that once the joint venture was formed NCDOT became liable for the wrongful acts of its joint venturer. We disagree.

NCDOT entered into an agreement with Brier Creek to share costs for a roadway constructed on Brier Creek's property. In return for partial funding pursuant to the statute, Brier Creek granted NCDOT a right-of-way to the roadway without cost. Brier Creek advertised and solicited bids from contractors to construct this roadway. Brier Creek selected plaintiff from the bidders. NCDOT merely concurred in the selection because public monies were being used to partially fund the project. Although NCDOT personnel may have interacted with plaintiff's employees, NCDOT dealt solely with Brier Creek pursuant to the agreement. NCDOT had no direct connection with, ties to, nor entered into any contract with plaintiff.

NCDOT did not waive its sovereign immunity with respect to plaintiff. NCDOT entered into an agreement with Brier Creek pursuant to N.C. Gen. Stat. § 136-28.6 and waived its sovereign immunity with respect to Brier Creek, not plaintiff. No language in the statute refers to a joint venture being created when NCDOT enters into this agreement. We will not read this interpretation into the statute. When a state agency, such as NCDOT, enters into an agreement with a developer, who then alone enters into a contract with a contractor, the state agency waives its sovereign immunity only to the original party to their agreement not to others. Otherwise, if an agency of the State provides money for a project, the State would be deemed to be a joint

venturer and would have waived sovereign immunity with all parties with any connection to the contract. We do not interpret this to be the General Assembly's intent in creating this statute.

Were the statute interpreted to hold that a joint venture was created to waive sovereign immunity for plaintiff, we would hold that plaintiff failed to establish the elements of a joint venture. A joint venture exists when there is: "(1) an agreement, express or implied, to carry out a single business venture *with joint sharing of profits*, and (2) an *equal right of control* of the means employed to carry out the venture." *Rhoney v. Fele*, 134 N.C. App. 614, 620, 518 S.E.2d 536, 541 (1999) (quoting *Edwards v. Bank*, 39 N.C. App. 261, 275, 250 S.E.2d 651, 661 (1979)). In *Cheape v. Town of Chapel Hill*, our Supreme Court discussed joint ventures and stated:

> A joint venture is an association of persons with intent, by way of contract, express or implied to engage in and carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill, and knowledge, but without creating a partnership in the legal or technical sense of the term. . . . Facts showing the joining of funds, property, or labor, in a common purpose to attain a result for the benefit of the parties in which each has a right in some measure to direct the conduct of the other through a necessary fiduciary relation, will justify a finding that a joint adventure exists.

320 N.C. 549, 561, 359 S.E.2d 792, 799 (1987) (quoting *Pike v. Wachovia Bank & Trust Co.*, 274 N.C. 1, 8-9, 161 S.E.2d 453, 460 (1968)). Our Supreme Court has further held that a joint venture does not exist where each party to an agreement cannot direct the conduct of the other. *Pike*, 274 N.C. at 10, 161 S.E.2d at 461.

Brier Creek had control of the day-to-day management and progress of the project. All work was required to be completed in accordance with NCDOT's *Standard Specifications for Roads and Structures* and was subject to NCDOT's approval. Those standards insure the safety of the traveling public—the ultimate beneficiaries of the road. As NCDOT maintained approval over the conformity of the work with its standards, Brier Creek had no right to control NCDOT. NCDOT's involvement and approval insured that the roadway was constructed in accordance with the terms of the agreement and to the State's standards. This involvement amounted to unilateral approval of the quality of work performed by Brier Creek. No joint venture existed. NCDOT did not waive sovereign immunity as to plaintiff.

### C. Partnership between NCDOT and Brier Creek

[3] Plaintiff contends that it is entitled to recover against NCDOT because Brier Creek and NCDOT were "partners" in the construction of the roadway. We disagree.

As stated above regarding a joint venture, no language in the statute refers to a partnership being created when NCDOT entered into this type of agreement with Brier Creek. Were this the case, anytime an agency of the State provided money for a project the State would be deemed to be a partner and sovereign immunity would be waived to all parties with any connection to the agreement. Nothing shows this interpretation to be the General Assembly's intent in creating this statute. We will not write this interpretation into the statute.

Were the statute interpreted to hold that a partnership is created, we would hold that the elements of a partnership are not met in this case.

N.C. Gen. Stat. § 59-36 (2001) states:

(a) A partnership is an association of two or more persons to carry on as co-owners a business for profit. (b) But any association formed under any other statute of this State, or any statute adopted by authority, other than the authority of this State, is not a partnership under this Article . . . ."

Nothing in the agreement entered into between NCDOT and Brier Creek or other evidence indicates that the parties entered into any agreement as co-owners of any business for profit or that they were established under this statute. This agreement was established pursuant to N.C. Gen. Stat. § 136-28.6 and is not deemed a partnership under N.C. Gen. Stat. § 59-36(b). NCDOT was simply engaged in an agreement, pursuant to statute, to obtain a road for use by the traveling public as part of the State's highway system. NCDOT did not enter into a partnership with Brier Creek and did not waive its sovereign immunity as to plaintiff.

### D. Application of N.C. Gen. Stat. § 136-29

[4] Plaintiff contends that N.C. Gen. Stat. § 136-29 allows them to sue NCDOT because NCDOT is liable as a joint venturer or partner to Brier Creek. We have already held that NCDOT was neither a joint venturer nor a partner to Brier Creek and has not waived its sovereign immunity as to plaintiff.

N.C. Gen. Stat. § 136-29 (2001) states:

(a) A contractor *who has completed a contract with the Department of Transportation* to construct a State highway and who has not received the amount he claims is due under the contract may submit a verified written claim to the State Highway Administrator . . . .

(emphasis supplied). The remedies available under this statute are applicable to a contractor who has "completed a contract" with NCDOT under the provisions of N.C. Gen. Stat. § 136-28.1. Plaintiff neither entered into nor completed any contract with NCDOT. Brier Creek is the appropriate party to whom this statute applies. Plaintiff's argument fails.

## IV. Conclusion

The North Carolina General Assembly determines the manner in which the State is to be sued. We hold that sovereign immunity bars plaintiff's suit against NCDOT. The order of the trial court is reversed and remanded to the trial court to enter an order dismissing with prejudice on sovereign immunity grounds plaintiff's claims against NCDOT.

Reversed and Remanded.

Judge LEVINSON concurs.

Judge WYNN dissents.

WYNN, Judge dissenting.

In this appeal, Rifenburg Construction alleges that the North Carolina Department of Transportation (NCDOT) entered into a contract with Brier Creek which formed a joint venture or partnership with Brier Creek. As such, Rifenburg Construction argues that "once the partnership or joint venture was formed, then NCDOT became liable for the wrongful acts of its partner or joint venturer, Brier Creek, committed in the ordinary course of business." I agree with Rifenburg Construction and the trial judge in this case; accordingly, I dissent from the majority opinion.

Chapter 136 of our General Statutes authorizes NCDOT to enter into construction contracts by either (1) contracting directly with road construction contractors under N.C. Gen. Stat. § 136-28.1, or by

RIFENBURG CONSTR., INC. v. BRIER CREEK ASSOCS. LTD. P'SHIP

[160 N.C. App. 626 (2003)]

(2) contracting with developers to jointly build roads under N.C. Gen. Stat. § 136-28.6.[1] It appears undisputed that in this case, NCDOT entered into a contract with the developer, Brier Creek, under N.C. Gen. Stat. § 136-28.6. Under that agreement, Brier Creek advertised for bids and awarded the road construction contract to Rifenburg Construction. While NCDOT argues that it was not an express party to that contract, a Rule 12(b) dismissal of this case is precluded because the facts are sufficient to find that the N.C. Gen. Stat. § 136-28.6 contract between NCDOT and Brier Creek created a joint venture or partnership.

It is well established that a joint venture exists when (1) parties combine their property, money, efforts, skill or knowledge in a common undertaking (2) for the benefit of the parties in which (3) each has a right in some measure to direct the conduct of the other. *Pike v. Wachovia Bank & Trust Co.*, 274 N.C. 1, 161 S.E.2d 453 (1968). Here, under their contract authorized by N.C. Gen. Stat. § 136-28.6, NCDOT and Brier Creek combined money, property, efforts, skill, and knowledge to a common undertaking (road construction) for the benefit of both parties. Brier Creek benefitted by having a road built with the help of State funds through its property, and NCDOT benefitted by having a public road built with monetary assistance from the developer.[2] Thus, elements one and two are established.

The last element under *Pike*—"each has a right in some measure to direct the conduct of the other"—presents the focal issue in the case. I disagree with the majority's conclusion that NCDOT did not have some measure of direct control because NCDOT's "involvement amounted to unilateral approval of the quality of work performed by Brier Creek" and NCDOT "merely concurred in the selection because public monies were being used to partially fund the project." Instead, the record shows that under the N.C. Gen. Stat. § 136-28.6 agreement, NCDOT had the right to review and approve payment applications, review and approve design of the project, and review and approve construction of the project. Coupled with its ability to control the contract funds, NCDOT by reviewing and approving the applications, design and construction most assuredly had the "right in some measure to direct the conduct of" Brier Creek. Likewise, Brier Creek had

---

1. The majority correctly recognizes that the Supreme Court of North Carolina has held that the State of North Carolina waives sovereign immunity when it enters into a contract authorized by law. *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976).

2. The record shows that NCDOT and Brier Creek shared equally the $7,200,000 estimated cost of constructing the road.

the "right in some measure to direct the conduct of" NCDOT by controlling the cost of the project. The record shows that the N.C. Gen. Stat. § 136-28.6 contract required NCDOT to pay half of the legitimate costs of the project. It follows that Brier Creek was able to obligate NCDOT to pay additional sums by how it planned, supervised, and constructed the project. Some direction of NCDOT is evident in Brier Creek's ability to obligate NCDOT to pay a certain amount of money for the project.

A joint venture is a type of partnership and it is governed by substantially the same rules as a partnership. *Pike*, 274 N.C. 1, 161 S.E.2d 453 (1968). Each partner in a partnership is jointly and severally liable to third parties for the acts and obligations of the partners. N.C. Gen. Stat. § 59-45, *Hardy & Newsome, Inc. v. Whedbee*, 244 N.C. 682, 94 S.E.2d 837 (1956). Thus, I would uphold the trial court's denial of NCDOT's motion to dismiss this action on sovereign immunity grounds. Moreover, I disagree with the majority's contention that remedies available under N.C. Gen. Stat. § 139-29 are available only to those contractors who have directly entered into agreements with NCDOT under the provisions of N.C. Gen. Stat. § 139-28.1. The language of the statute applies it to "A contractor who has completed a contract with the Department of Transportation. . . ." N.C. Gen. Stat. § 139-29(a). Plaintiff is a contractor and completed the contractual duties it owed the joint venture that included NCDOT. There is nothing in the statute or case law that indicates that this language would exclude a joint venture.

In conclusion, the majority opinion allows NCDOT to make a contract with a developer under N.C. Gen. Stat. § 136-28.6 and reap the benefits that it could have under a contract with a road contractor under N.C. Gen. Stat. § 136-28.1 with complete immunity from liability for any breach of the construction contract. Thus, while NCDOT controls the developer, oversees the project, attains land for a new road free of cost, benefits from the developers contribution of costs, tailors the project to meet its desires, and reaps substantial benefits from the construction, the majority nonetheless holds that under the doctrine of sovereign immunity, NCDOT should be completely absolved from any liability for a breach of the construction contract that arises under its G.S. 136-28.6 contract with the developer, Brier Creek. In short, the majority allows NCDOT to use sovereign immunity as a "shield" to escape contractual duties and responsibilities while it enjoys at half the cost, the benefits it would gain by contracting directly with the road contractor under G.S. 136-28.1.

Since I do not believe this to have been the legislative intent, I respectfully, dissent.