IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-583

No. COA20-392

Filed 2 November 2021

Wake County, No. 19 CVS 7025

JOSEPH R. BAZNIK, as Personal Representative of the Estate of Alfred Rodriquez Inoa, a deceased minor, Plaintiff,

v.

FCA US, LLC, DOZI ULASI, JR., JOSEPH E. HOPKINS, CAROL C. MELNICK, TODD WHITAKER, and MILLARD S. WHEELER, Defendants

Appeal by Defendants from order entered 27 January 2020 by Judge Andrew T. Heath in Wake County Superior Court. Heard in the Court of Appeals 28 April 2021.

*Whitley Law Firm, by Ann C. Ochsner; Abrams & Abrams, P.A., by Douglas B. Abrams, Noah B. Abrams, Margaret S. Abrams, and Melissa N. Abrams, for Plaintiff-Appellee.*

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Alexander G. Walton, for Defendants-Appellants.*

WOOD, Judge.

¶ 1    The sole question upon review is whether the trial court erred in denying Defendants' motions to dismiss. We affirm the order of the trial court.

## I.    Background

¶ 2    On August 5, 2018, Plaintiff's child Alfred Rodriguez Inoa ("Alfred"), a minor, was traveling as a passenger in a 2007 Chrysler 300 (the "Chrysler") and came upon

the intersection of U.S. Highway 401 (Louisburg Road) and Fox Road located in Wake County. Upon reaching an intersection with U.S. Highway 401, eastbound passengers on Fox Road are required to cross a total of seven lanes and a median divider (the "Intersection") to continue to travel on the road. In violation of both national and state sight distance standards, the northwest corner of the Intersection had both manmade and natural objects such that an eastbound driver on Fox Road could not see a southbound vehicle approaching on U.S. Highway 401. While driving through the Intersection, the Chrysler carrying Alfred was struck by another vehicle in the rear driver's side. Though Alfred survived the initial impact of the collision, a defect in the Chrysler's fuel system caused the fuel to ignite and the Chrysler to immediately catch on fire. Alfred was trapped inside the Chrysler during this time resulting in severe injuries and ultimately his death.

On May 28, 2019, Plaintiff brought suit on behalf of Alfred's estate naming the following North Carolina Department of Transportation ("NCDOT") employees as Defendants both individually and in their individual capacities, Carol C. Melnick as a Division Traffic Engineer with NCDOT, Todd Whitaker as a Division Sign Supervisor with NCDOT, and Millard S. Wheeler as an engineer with NCDOT (collectively, the "Defendants"). Plaintiff alleged Defendants all contributed to the construction of the Intersection. Defendants each filed a motion to dismiss under North Carolina Rules of Civil Procedure Rules 12(b)(1), (2), and (6) "on the grounds

of public official immunity and/or qualified immunity, as well as the doctrine of sovereign immunity." The trial court denied Defendants' motions under Rules 12(b)(1), (2), and (6) but did specify the grounds upon which the order is based. Defendants immediately appealed to this Court arguing that they are entitled to public official immunity and the trial court erred in denying their motions to dismiss.

## II.    Discussion

Defendants argue the trial court erred in denying their motions to dismiss pursuant to 12(b)(6) and 12(b)(2). When reviewing a Rule 12(b)(6) motion, this Court applies a *de novo* standard of review. *Grich v. Mantelco, LLC*, 228 N.C. App. 587, 589, 746 S.E.2d 316, 318 (2013) (citation omitted). "A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by presenting 'the question whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some [recognized] legal theory.' " *Isenhour v. Hutto*, 350 N.C. 601, 604, 517 S.E.2d 121, 124 (1999) (quoting *Forsyth Memorial Hosp. v. Armstrong World Indus.*, 336 N.C. 438, 442, 444 S.E.2d 423, 425-26 (1994)). A Rule 12(b)(6) motion to dismiss "should not be granted 'unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.' " *Id.* 350 N.C. at 604-605, 517 S.E.2d at 124 (emphasis omitted) (quoting *Sutton v. Duke*, 277 N.C. 94, 103, 176 S.E.2d 161, 166 (1970)).

¶ 5 A case is dismissed under Rule 12(b)(2) for lack of personal jurisdiction. N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) (2021). When a party asserts sovereign immunity, "[t]he defense of sovereign immunity is a matter of personal jurisdiction that falls under Rule 12(b)(2) . . . ." *Rifenburg Constr., Inc. v. Brier Creek Assocs., L.P.*, 160 N.C. App. 626, 629, 586 S.E.2d 812, 815 (2003) (citation omitted). A denial of a "Rule 12(b)(2) motion premised on sovereign immunity constitutes an adverse ruling on personal jurisdiction and is therefore immediately appealable . . . ." *Parker v. Town of Erwin*, 243 N.C. App. 84, 95, 776 S.E.2d 710, 720 (2015) (citation omitted). We review a Rule 12(b)(2) motion for evidence within the record that would support the court's determination of personal jurisdiction. *M Series Rebuild, LLC v. Town of Mount Pleasant*, 222 N.C. App. 59, 63, 730 S.E.2d 254, 257 (2012).

¶ 6 In this case, Defendants contend they are entitled to public official immunity through their employment with NCDOT. To grant public official immunity, we first must determine whether Defendants are public officials or public employees. "When a governmental worker is sued individually, or in his or her personal capacity, our courts distinguish between public employees and public officers in determining negligence liability." *Reid v. Roberts*, 112 N.C. App. 222, 224, 435 S.E.2d 116, 119 (1993) (quoting *Hare v. Butler*, 99 N.C. App. 693, 699, 394 S.E.2d 231, 236 (1990)). Public employees can be held individually liable for mere negligence in the performance of their duties while public officials "cannot be held individually liable

for damages caused by mere negligence in the performance of their governmental or discretionary duties . . . ." *Meyer v. Walls*, 347 N.C. 97, 112, 489 S.E.2d 880, 888 (1997). In order to determine whether the Defendants are public officials or public employees, we are guided by our Supreme Court in *Isenhour v. Hutto,*

> [o]ur courts have recognized several basic distinctions between a public official and a public employee, including: (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties.

350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999). Whomever is asserting public official immunity must show all three factors of the *Isenhour* test exist. *See McCullers v. Lewis*, 265 N.C. App. 216, 222, 828 S.E.2d 524, 532 (2019); *Leonard v. Bell*, 254 N.C. App. 694, 705, 803 S.E.2d 445, 453 (2017). In addition to this three part test, a public official "is generally required to take an oath of office while an agent or employee is not required to do so." *Leonard*, 254 N.C. App. at 699, 803 S.E.2d at 449 (citation omitted). However, an oath of office "is not absolutely necessary" to be considered a public official. *McCullers*, 265 N.C. App. at 223, 828 S.E.2d at 532 (citation and internal quotation marks omitted).

¶ 7      Here, Defendants argue they are public officials because their positions within NCDOT were created pursuant to N.C. Gen. Stat. §§ 143B-345, 143B-346, and 136-18. We disagree. A person occupies a position created by legislation if the position

"ha[s] a clear statutory basis or the officer ha[s] been delegated a statutory duty by a person or organization created by statute." *Fraley v. Griffin*, 217 N.C. App. 624, 627, 720 S.E.2d 694, 696 (2011) (citation and internal quotation marks omitted). The first cited statute, N.C. Gen. Stat. § 143B-345 is a one sentence statement which operates to establish NCDOT as a department within North Carolina. Similarly, N.C. Gen. Stat. § 143B-346 functions to provide a brief one paragraph overview of the function and purpose of NCDOT. We note that when interpreting a statute "the legislative will is the all-important or controlling factor." *Ross Realty Co. v. First Citizens Bank & Trust Co.*, 296 N.C. 366, 368, 250 S.E.2d 271, 273 (1979) (citation omitted). As such, "the primary rule of construction of statutes is to ascertain and declare the intention of the legislature, and to carry such intention into effect to the fullest degree." *Id.* 296 N.C. at 369, 250 S.E.2d at 273.

¶ 8        A review of Section 143B-345 and Section 143B-346 shows both statutes are void of any created positions and only speak to NCDOT as an entity in and of itself. Thus the texts of N.C. Gen. Stat. § 143B-345 and N.C. Gen. Stat. § 143B-346 illustrate a legislative intent to create and guide NCDOT as an entity, not to legislate employment positions within NCDOT. In other words, Defendants cannot rely on N.C. Gen. Stat. § 143B-345 and N.C. Gen. Stat. § 143B-346 as statutes that clearly establish their positions within NCDOT as these statutes do not establish *any* position within NCDOT.

¶ 9        Turning to the remaining statute cited by Defendants, N.C. Gen. Stat. § 136-18 functions to define and list the powers allotted to NCDOT as a department.  The existence within a statute of a "statutory definition does not constitute [the] creating . . . [of a] position."  *Fraley*, 217 N.C. App. at 627, 720 S.E.2d at 696.  *See Farrell v. Transylvania Cnty. Bd. of Educ.*, 199 N.C. App. 173, 177, 682 S.E.2d 224, 228 (2009) (holding the defendant's cited statutes do "not create the position of teacher[,] it defines the duty of teacher").  Notably, none of the language of N.C. Gen. Stat. § 136-18 establishes a position within NCDOT but refers to NCDOT as an entity in and of itself.  Again, the lack of creation of a position within Section 136-18 indicates the legislature did not intend for Section 136-18 to statutorily create an employment position within NCDOT.  Overall, none of statutes cited by Defendants operate to create positions within NCDOT.

¶ 10        Though N.C. Gen. Stat. § 136-18, N.C. Gen. Stat. § 143B-345, and N.C. Gen. Stat. § 143B-346 grant statutory responsibility to NCDOT, these statutes do not in turn delegate such statutory authority to employees of NCDOT.  Thus, Defendants have not established a clear statutory basis for their positions within NCDOT and are considered public employees, not public officials.

## III.    Conclusion

¶ 11        In summary, because no statute creates the positions held by Defendants within NCDOT, Defendants are public employees and, as such, are not entitled to

public official immunity. Since the trial court had personal jurisdiction over Defendants and Plaintiff sufficiently stated a claim upon which relief can be granted, we affirm the trail court's denial of Defendants' motions pursuant to North Carolina Rules of Civil Procedure Rules 12(b)(2) and (6).

AFFIRMED.

Judges DILLON and ARROWOOD concur.