MALINDA FRALEY and DAVID FRALEY, Co-Administrators of the Estate of ATLAS FRALEY, Plaintiffs v. JAMES GRIFFIN, in his individual capacity, Defendant

No. COA11-300

(Filed 20 December 2011)

**1. Appeal and Error—denial of summary judgment—public official immunity—immediately appealable**

　　Orders denying summary judgment based on public official immunity affect a substantial right and are immediately appealable.

FRALEY v. GRIFFIN

[217 N.C. App. 624 (2011)]

**2. Immunity—public official—EMT—position not created by statute**

An emergency medical technician (EMT) was not entitled to public official immunity where he did not establish that the position of EMT was created by statute. The statutes cited by defendant neither provide a clear statutory basis for the position of EMT nor allow a person or organization created by statute to delegate statutory duties to EMTs.  ·

**3. Immunity—public official—EMT—ministerial work**

An EMT was not entitled to public official immunity because he was required to follow an established treatment protocol and his work was ministerial in this context.

Appeal by defendant from order entered 12 November 2010 by Judge Carl R. Fox in Orange County Superior Court. Heard in the Court of Appeals 12 September 2011.

*Twiggs, Beskind, Strickland & Rabenau, P.A., by Donald R. Strickland, Karen M. Rabenau, and Jesse H. Rigsby, IV, for plaintiff-appellees.*

*Teague Campbell Dennis & Gorham, L.L.P., by Henry W. Gorham, Carrie E. Meigs, and Leslie B. Price, for defendant-appellant.*

*Glenn, Mills, Fisher & Mahoney, P.A., by William S. Mills and Carlos Mahoney, for North Carolina Advocates for Justice, amicus curiae.*

*Walker, Allen, Grice, Ammons & Foy, L.L.P., by Jerry A. Allen, Jr., for The North Carolina Association of Rescue and EMS and North Carolina Association of EMS Administrators, amici curiae.*  ·

CALABRIA, Judge.

James Griffin ("defendant") appeals from the trial court's order denying defendant's motion for summary judgment on the basis of public official immunity. We affirm.

I.  Background

On 12 August 2008, Atlas Fraley ("Atlas") returned home after a high school football practice and called 911. Atlas told the operator

that he was seventeen years old and experiencing full body cramps and dehydration. He also told the dispatcher that he was home alone as his parents were at work. The operator dispatched defendant, an emergency medical technician ("EMT") employed by Orange County Emergency Services ("OCES"), to Atlas' home.

When defendant arrived at Atlas' home, he noted that Atlas was in obvious discomfort and could not sit still. Defendant conducted a brief examination of Atlas and determined his condition was not serious and that his pain was not severe. Defendant advised Atlas to orally hydrate and watched him do so successfully. Defendant then gave Atlas oral and written instructions to contact his parents and 911 if his symptoms worsened and left Atlas home alone. Defendant proceeded to respond to other emergency calls. A few hours later, Atlas' parents arrived home and found him lying on their living room floor. Atlas was unresponsive and not breathing. When OCES personnel arrived, Atlas was pronounced dead. A later autopsy could not definitely determine Atlas' cause of death.

On 28 January 2010, Atlas' parents, as co-administrators of his estate ("plaintiffs"), initiated a wrongful death action in Orange County Superior Court against defendant, in both his official and individual capacities, OCES, and Orange County, North Carolina. After determining that Orange County had not waived its sovereign immunity for their claims, plaintiffs dismissed all claims with the exception of those against defendant in his individual capacity.

On 29 October 2010, defendant filed a motion for summary judgment on the basis of, *inter alia*, public official immunity. After a hearing, this motion was denied by the trial court on 12 November 2010. Defendant appeals.

## II. Public Official Immunity

[1] As an initial matter, we note that the trial court's order denying defendant's motion for summary judgment is interlocutory, and thus, not generally subject to immediate appeal. *Snyder v. Learning Servs. Corp.*, 187 N.C. App. 480, 482, 653 S.E.2d 548, 550 (2007). "Orders denying summary judgment based on public official immunity, however, affect a substantial right and are immediately appealable." *Dempsey v. Halford*, 183 N.C. App. 637, 638, 645 S.E.2d 201, 203 (2007). Thus, defendant's appeal is properly before this Court.

Defendant's sole argument on appeal is that the trial court erred by denying his motion for summary judgment. Defendant asserts that,

as an EMT for Orange County, he is entitled to public official immunity. We disagree.

> It is well established that [p]ublic officers are shielded from liability unless their actions are corrupt or malicious[;] however, public employees can be held personally liable for mere negligence. In distinguishing between a public official and a public employee, our courts have held that (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties. Additionally, an officer is generally required to take an oath of office while an agent or employee is not required to do so.

*Murray v. County of Person*, 191 N.C. App. 575, 579-80, 664 S.E.2d 58, 61 (2008)(internal quotations and citations omitted).

### A. Position Created by Statute

[2] Defendant first contends that the position of EMT is created by statute. This Court has noted that cases which have recognized the existence of a public officer did so when either the officer's position had "a clear statutory basis" or the officer had been "delegated a statutory duty by a person or organization created by statute." *Farrell v. Transylvania Cty. Bd. of Educ.*, 199 N.C. App. 173, 177-79, 682 S.E.2d 224, 228-29 (2009). Defendant contends that N.C. Gen. Stat. §§ 131E-155, 131E-158, 143-507, and 143-517 (2009) support his argument that the position of EMT is created by statute.

N.C. Gen. Stat. § 131-155 simply contains the definitions which are to be applied in Article 7 of Chapter 131E, which governs the "Regulation of Emergency Medical Services." N.C. Gen. Stat. § 131E-155 (6) defines an EMT as used in that article and differentiates EMTs from other positions defined in the statute such as "emergency medical dispatcher," N.C. Gen. Stat. § 131E-155 (5), and "mobile intensive care nurse," N.C. Gen. Stat. § 131E-155 (15). The existence of this statutory definition does not constitute creating the position of EMT. *See Farrell*, 199 N.C. App. at 177, 682 S.E.2d at 228 (N.C. Gen. Stat. § 115C-325 (a)(6) "defines a 'teacher' as used in that section, as opposed to a 'career employee,' 'case manager,' or 'school administrator;' it does not create the position of public school teacher.").

Likewise, the remaining statutes cited by defendant do not create the position of EMT. N.C. Gen. Stat. § 131E-158 regulates the opera-

tion of all ambulances, either public or private, by requiring "[e]very ambulance when transporting a patient . . . [to] be occupied . . . by . . . at least one emergency medical technician . . . [and] one medical responder." N.C. Gen. Stat. § 143-507 establishes "a comprehensive Statewide Emergency Medical Services System in the Department of Health and Human Services," and N.C. Gen. Stat. § 143-517 requires each North Carolina county to "ensure that emergency medical services are provided to its citizens." These various statutes operate to create and regulate different aspects of emergency medical services in North Carolina. None of these statutes, either singly or in combination, operate to create the position of EMT. Since the statutes cited by defendant neither provide a clear statutory basis for the position of EMT nor allow a person or organization created by statute to delegate any statutory duties to EMTs, defendant has failed to establish that the position of EMT was created by statute.

### B. Discretion

**[3]** Defendant also contends that his work involves the exercise of discretion and cannot be characterized as ministerial work. Our Supreme Court has explained that "[d]iscretionary acts are those requiring personal deliberation, decision and judgment. Ministerial duties, on the other hand, are absolute and involve merely [the] execution of a specific duty arising from fixed and designated facts." *Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999)(internal quotations and citations omitted). However, the mere use of judgment, by itself, is not enough to elevate an employee's ministerial duties to discretionary acts. There is some inherent use of judgment involved in virtually every position of employment. As our Supreme Court has stated:

> Of course, a mere employee doing a mechanical job, as were the defendants here, must exercise some sort of judgment in plying his shovel or driving his truck—but he is in no sense invested with a discretion which attends a public officer in the discharge of public or governmental duties, not ministerial in their character.

*Miller v. Jones*, 224 N.C. 783, 787, 32 S.E.2d 594, 597 (1945).

In the instant case, defendant, as an EMT, was required to follow an established treatment protocol, which the North Carolina Administrative Code defines as "a document . . . specifying the diagnostic procedures, treatment procedures, medication administration,

and patient-care-related policies *that shall be completed by EMS personnel or medical crew members based upon the assessment of a patient.*" 10A N.C.A.C. § 13P.0102 (73) (2010)(emphasis added). Thus, defendant, as an EMT, was required to execute the specific protocols which were indicated by "fixed and designated facts." *Isenhour,* 350 N.C. at 610, 517 S.E.2d at 127. Moreover, defendant could not deviate from these written protocols without the approval of a physician. *See* 10A N.C.A.C. § 13P.0401 (5)(b) (2010)("Only physicians may deviate from written treatment protocols[.]"). Consequently, defendant's work must be characterized as ministerial in the context of determining public official immunity.

Since defendant's position was not created by statute and his duties were best characterized as ministerial, as that term has been defined by our Supreme Court, he is not entitled to public official immunity. *See Farrell,* 199 N.C. App. at 179, 682 S.E.2d at 229. This argument is overruled.

### III. Conclusion

Defendant is not entitled to public official immunity and may be held personally liable for any harm caused by his negligence in his position as an EMT. Thus, the trial court properly denied defendant's motion for summary judgment. The trial court's order is affirmed.

Affirmed.

Chief Judge MARTIN and Judge BRYANT concur.