KAYLOR B. ROBINSON, BRENDA M. BELL, DANNY McGEE, AND JAMES McGEE, Plaintiffs-Appellants v. NYLE WADFORD, PAIGE WADFORD SMITH, TRENT WADFORD, AND EDWINA WADFORD, Defendants-Appellees

No. COA12-199

(Filed 4 September 2012)

**Statutes of Limitation and Repose—grave desecration—ten-year period—action time-barred**

The trial court did not err by dismissing plaintiffs' complaint for negligence and grave desecration where the action was barred by the statute of limitations. The alleged actions by defendants that gave rise to the claims did not occur within the ten-year period prior to the filing of plaintiffs' complaint.

Appeal by Plaintiffs from order entered 23 September 2011 by Judge Robert F. Johnson in Superior Court, Orange County. Heard in the Court of Appeals 5 June 2012.

*Bachman & Swanson, PLLC, by Glen D. Bachman, for Plaintiffs-Appellants.*

*Manning, Fulton & Skinner, P.A., by Judson A. Welborn and J. Whitfield Gibson, for Defendants-Appellees.*

McGEE, Judge.

Kaylor B. Robinson, Brenda M. Bell, Danny McGee and James McGee (Plaintiffs) filed a complaint on 17 June 2011 against Nyle

Wadford, Paige Wadford Smith, Trent Wadford, and Edwina Wadford (Defendants). Plaintiffs sought to recover damages from Defendants based upon causes of action for negligence and grave desecration. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), Defendants filed a motion to dismiss on 18 July 2011, arguing that Plaintiffs' complaint was not timely filed. The trial court granted Defendants' motion to dismiss in an order entered 23 September 2011.

## I. Allegations in Plaintiffs' Complaint

Plaintiffs alleged in their complaint that they are descendants of John R. Magee (Mr. Magee), who died on 4 April 1919. Mr. Magee and Mollie W. Magee were buried in marked graves (the graves). Albert F. Wadford (Mr. Wadford) was the father of Defendants and died on 1 June 1998. Mr. Wadford devised to Defendants by will his share of the real property on which Mr. Magee was buried.

Plaintiffs alleged that Thorton Ventures, LLC (Thorton) "acquired title to the property which is the subject matter of this litigation by Special Warranty deed recorded on December 12, 1999[.]" Plaintiffs' complaint contains, *inter alia*, the following, somewhat unclear, allegations:

17. That in 2001, Thorton Ventures, LLC sold this property to Forest Creek Limited Partnership.

18. That in August 2001, Urban Pipeline, Inc., under property owner Thorton Ventures, LLC, applied for demolition permits for seven (7) buildings which were located on the subject property.

19. That at the time Urban Pipeline, Inc. applied for the permits, Forest Creek Limited Partnership was the owner of this subject property and Urban Pipeline, Inc. was a subcontractor for Forest Creek Limited Partnership.

20. That the seven (7) buildings to be demolished were located on two different parcels of property. One parcel which contained three (3) buildings was owned by Thorton Ventures, LLC and the other which contained four (4) buildings was owned by Forest Creek Limited Partnership.

It is unclear whether Plaintiffs intended to allege that Thorton sold the real property in its entirety, or in part, to Forest Creek Limited Partnership, and which of these two companies was in charge of Urban Pipeline, Inc.

Plaintiffs' complaint further alleged that Defendants "signed a quitclaim deed of the subject property to Thorton" in 2004. Plaintiffs alleged that, at the time Thorton "acquired the property," the graves were marked with concrete headstones and were surrounded by a wrought iron fence and gate. Plaintiffs alleged that Thorton "desecrated the grave sites during the grading portion of Forest Creek Limited Partnership's development." Plaintiffs further alleged that "sometime prior to 1999, . . . Defendants piled substantial amounts of old pallets, metal and tile on top of the grave sites in order to hide [the] existence [of the grave sites] at the time the property was quitclaimed to Thorton[.]"

## II. Issue on Appeal and Standard of Review

Plaintiffs raise on appeal the issue of whether the trial court erred by dismissing Plaintiffs' complaint as being "barred by the statute of repose under N.C. Gen. Stat. § 1-52." Pursuant to Defendants' motion, the trial court dismissed Plaintiffs' complaint under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6).

> The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.

*Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted). "This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4 (2003).

## III. Analysis

Plaintiffs argue the trial court erred in granting Defendants' motion to dismiss because Plaintiffs' complaint was timely filed. Plaintiffs contend their complaint was timely filed because both their causes of action accrued in 2004 and because both were subject to a ten-year statute of limitations. Reviewing the allegations of Plaintiffs' complaint, we disagree.

Plaintiffs contend that each cause of action falls under either N.C. Gen. Stat. § 1-52(16) or N.C. Gen. Stat. § 1-56, and that Plaintiffs had ten years within which to file their complaint. N.C. Gen. Stat. § 1-52

generally provides a three-year statute of limitations for various causes of action, and subsection 16 provides for the delayed accrual of a cause of action based on discovery, as follows:

> Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

N.C. Gen. Stat. § 1-52(16) (2011). N.C. Gen. Stat. § 1-56 provides that "[a]n action for relief not otherwise limited by this subchapter may not be commenced more than 10 years after the cause of action has accrued." N.C. Gen. Stat. § 1-56 (2011). In Plaintiffs' brief, they make arguments concerning the statute of limitations and the statute of repose, and appear to ignore the distinctions between the two. *See, e.g. Tipton & Young Construction Co. v. Blue Ridge Structure Co.*, 116 N.C. App. 115, 117, 446 S.E.2d 603, 604 (1994) (citation omitted) (" 'Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in the statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.' "). However, it is clear from Plaintiffs' brief that their argument relies on a ten-year statute of limitations.

Therefore, we review Plaintiffs' complaint to determine whether the alleged actions by Defendants that gave rise to the claims occurred within the ten-year period prior to the filing of Plaintiffs' complaint. Plaintiffs made the following pertinent allegations in their complaint:

> 15. That Thorton Ventures, LLC acquired title to the property which is the subject matter of this litigation by Special Warranty deed recorded on December 12, 1999 in Real Estate Book 2642, Wake County Registry.
>
> 16. That in 1999, Thorton Ventures, LLC subdivided the subject property into approximately twelve (12) tracts. Forest Creek Limited Partnership bought lots three (3) and four (4) which contained the cemetery and four (4) buildings.

17. That in 2001, Thorton Ventures, LLC sold this property to Forest Creek Limited Partnership.

. . . .

21. That actual cemetery and remains of John R. Magee and Mollie W. Magee were located on the parcel owned by Forest Creek Limited Partnership.

22. That in 2004, . . . Defendants signed a quitclaim deed of the subject property to Thorton Ventures, LLC.

23. That at the time Thorton Ventures, LLC acquired the property, the grave sites of the Plaintiffs' ancestors were marked with two concrete headstones surrounded by a wrought iron fence and gate.

24. That the Plaintiffs are informed and believe that Thorton Ventures, LLC desecrated the grave sites during the grading portion of Forest Creek Limited Partnership's development.

25. That . . . Defendants knew of the existence of the grave sites located on the subject matter property when they sold said property to Thorton Ventures, LLC and did not disclose this knowledge during the sale.

26. That at sometime prior to 1999, . . . Defendants piled substantial amounts of old pallets, metal and tile on top of the grave sites in order to hide its existence at the time the property was quitclaimed to Thorton Ventures, LLC.

27. That in violation of NCGS § 14-149, . . . Defendants did disturb, destroy, vandalize and/or desecrate the grave sites of Plaintiffs' ancestors.

Plaintiffs alleged in their negligence claim that:

Defendants were negligent in that they:

a. Piled on substantial amounts of old pallets, metal and tile on top of the grave sites in order to hide its existence at the time the property was quitclaimed to Thorton Ventures, LLC;

b. Failed to disclose to Thorton Ventures, LLC or anyone with an ownership interest in the property of the existence of the grave sites located on the subject matter property.

Plaintiffs alleged the following in their claim for grave desecration:

42.  That in violation of NCGS § 14-149, . . . Defendants did disturb, destroy, vandalize and/or desecrate Plaintiff[s'] family grave sites by piling substantial amounts of old pallets, metal and tile on top of the grave sites in order to hide its existence at the time the property was quitclaimed to Thorton Ventures, LLC.

43.  That in violation of NCGS § 14-149, . . . Defendants did disturb, destroy, vandalize and/or desecrate Plaintiffs' family grave sites by failing to disclose to the buyers of the subject matter property that there were grave sites located on said property.

We first note that Plaintiffs alleged that Defendants engaged in grave desecration in violation of N.C. Gen. Stat. § 14-149, a matter previously considered by this Court in *Robinson v. Forest Creek Ltd. P'ship*, ____ N.C. App. ____, 712 S.E.2d 895 (2011) (*Robinson I*). In *Robinson I*, this Court affirmed the trial court's grant of summary judgment in favor of the defendants on the grounds that the plaintiffs' had failed to allege an act of desecration on the part of Forest Creek. In so holding in *Robinson I*, this Court noted that, as in the present case, "[p]laintiffs allege[d] that [the] [d]efendants graded the property on which the gravesite is located 'in violation of the provisions of [N.C. Gen. Stat. § ] 14–149,' a *criminal* statute." *Id.* at ____ n.2, 712 S.E.2d at 897 n.2. This Court observed that "a civil cause of action is not necessarily created by a violation of a criminal statute." *Id.* However, this Court ultimately held that "[p]laintiffs' complaint g[ave] sufficient notice of the wrong alleged—*i.e.*, desecration by grading over the gravesite—[that] [p]laintiffs' incorrect choice of legal theory" was not in itself fatal. *Id.* Therefore, in the present case we will address Plaintiffs' claim of civil grave desecration despite their reliance on N.C. Gen. Stat. § 14-149.

In *Robinson I*, this Court noted that we could find no case "delineat[ing] the elements of a civil cause of action for wrongful desecration of a gravesite." *Robinson I*, ____ N.C. App. at ____, 712 S.E.2d at 897. Our Court held that "[n]evertheless, without contemplating all the elements that may be required for a successful desecration claim, we think it obvious that one essential element of such a claim must be that the defendant engaged in some *act of desecration*." *Id.* (emphasis added). This Court reviewed the following as examples of "acts of desecration:" (1) the wrongful injury to or removal of a grave monument; (2) the destruction of graves by leveling a hill on which a

graveyard was situated; or (3) proximately causing, " 'directly or indirectly, defacement, damage, or other mistreatment of the physical area of the decedent's grave site or common areas of the cemetery in a manner that a reasonable person knows will outrage the sensibilities of others' " *Id.* (citation and emphasis omitted). Black's Law Dictionary defines "desecrate" as: "To divest (a thing) of its sacred character; to defile or profane (a sacred thing)." Black's Law Dictionary 511 (9th ed. 2009).

Plaintiffs filed their complaint on 17 June 2011 and they argue on appeal that their causes of action accrued in 2004 when some of the named Defendants executed a quitclaim deed in favor of Thorton. We disagree. Of all the allegations in Plaintiffs' complaint, the sole allegation attributing any act of damage, removal, injury, defacement, or other mistreatment on the part of Defendants was the allegation that Defendants placed materials on the graves prior to 1999. In our review of the case law, we find no authority indicating that executing a quitclaim deed without informing the purchasing party of the existence of a gravesite amounts to an act of desecration. This interpretation is supported by N.C. Gen. Stat. § 14-149, which provides for the criminal prosecution of grave desecration and states that the crime of grave desecration occurs when a person does:

> (1) Open, disturb, destroy, remove, vandalize or desecrate any casket or other repository of any human remains, by any means including plowing under, tearing up, covering over or otherwise obliterating or removing any grave or any portion thereof.
>
> (2) Take away, disturb, vandalize, destroy, tamper with, or deface any tombstone, headstone, monument, grave marker, grave ornamentation, or grave artifacts erected or placed within any cemetery to designate the place where human remains are interred or to preserve and perpetuate the memory and the name of any person. This subdivision shall not apply to the ordinary maintenance and care of a cemetery.

N.C. Gen. Stat. § 14-149(a) (2011).

Plaintiffs allege in their complaint that the last act of "desecration" on the part of Defendants occurred in 1999. Plaintiffs' complaint was filed in 2011. Plaintiffs contend they had a ten-year period within which to file their complaint. Because Plaintiffs filed their complaint twelve years after the last alleged act of "desecration[,]" their complaint was not timely filed and the trial court did not err in granting Defendants' motion to dismiss.

ROBINSON v. WADFORD

[222 N.C. App. 694 (2012)]

Plaintiffs argue on appeal that the failure to disclose the existence of a grave site amounts to an act of desecration. However, the sole case Plaintiffs cite in support of their argument concerning the failure to disclose the existence of a gravesite is a Maryland case, *Rhee v. Highland Development*, 958 A.2d 385 (Md.App. 2008). However, in addition to not being controlling authority, we find that *Rhee* is inapposite. *Rhee* involved a claim for fraud brought by the purchaser of real property against a developer who hid the presence of a cemetery on the real property sold by the developer to the purchaser. *See id. Rhee* is silent as to the right of relatives of decedents interred in a cemetery to recover from a developer who conceals the presence of that cemetery. We therefore are not persuaded by Plaintiffs' argument that the 2004 signing of a quitclaim deed was an act of desecration.

Plaintiffs also assert that Defendants Nyle Wadford, Paige Wadford Smith and Trent Wadford were under a duty to "disclose the existence of this material latent defect when they quitclaimed their interest." We likewise find this argument unpersuasive. Plaintiffs cite to the duty of a seller to disclose known material, but latent, defects to a buyer. However, assuming *arguendo* that Defendants did owe such a duty, even Plaintiffs recognize that the duty runs only from the buyer to the seller. We find nothing in our case law that would allow Plaintiffs to recover for Defendants' alleged breach of this duty to Thorton. As stated above, a cause of action for grave desecration must include some act of desecration and we hold that, on these facts, the latest act of desecration alleged in Plaintiffs' complaint was the 1999 covering of the graves. We are cognizant of the unique emotional issues involved in alleged desecration in family cemeteries. However, on the facts in the present case, we hold that the trial court did not err in dismissing Plaintiffs' complaint as untimely.

Affirmed.

Judges STEELMAN and ERVIN concur.