TYSON, Judge.
 

 *9
 
 James D. Arndt a/k/a Jimmy Arndt ("Defendant") appeals from the trial court's denial of his motion for summary judgment. We affirm in part, reverse in part, and remand.
 

 I. Background
 

 Gaston County Sheriff's Deputy Scotty Chastain ("Plaintiff") was enrolled in the Basic Law Enforcement Training ("BLET") course at Gaston College, a two-year community college operating under the North Carolina Board of Community Colleges. Gaston College provides BLET to Gaston County law enforcement officers. Defendant, a certified Specialized Firearms Instructor and an active Gastonia police officer, was employed by Gaston College to instruct the firearms portion of BLET.
 

 On 22 March 2013, Plaintiff's BLET class was training on the firing range located at Gaston College. At the conclusion of the shooting portion of the class, the students were instructed to return to the building to break down and clean their firearms. Plaintiff alleges all of the BLET instructors present, including Defendant, failed to ensure all of
 
 *10
 
 the students' weapons had been unloaded and cleared of ammunition before leaving the shooting range.
 

 Another BLET student in Plaintiff's class failed to empty her weapon prior to returning to the building and experienced difficulty in breaking down her weapon. Defendant assisted the student to break down her weapon. Plaintiff alleges Defendant pulled the trigger of the firearm while assisting the other student to break down her weapon. The firearm discharged. Plaintiff was wounded by the discharge, but survived a bullet wound to his abdomen.
 

 On 21 January 2016, Plaintiff filed suit against Defendant, in both his official and individual capacities, Gaston College, and Gaston College Board of Trustees ("the Board of Trustees") in superior court. Plaintiff alleged negligence, gross negligence, and negligent infliction of emotional distress. He alleged Gaston College and the Board of Trustees were negligent for torts committed by Defendant under the doctrine of
 
 respondeat
 
 superior.
 

 Plaintiff has dismissed all his claims against Gaston College and the Board of Trustees, with prejudice. Both parties assert in their briefs that Plaintiff brought those dismissed claims before the Industrial Commission under the Tort Claims Act, and the action in the Industrial Commission has been stayed pending resolution of the superior court action.
 

 Defendant filed a Rule 12 motion to dismiss Plaintiff's claims. Defendant asserts the superior court lacks personal jurisdiction (Rule 12(b)(1)) and subject matter jurisdiction (Rule 12(b)(2)), and Plaintiff also fails to state a claim under Rule 12(b)(6), because Plaintiff's claims must be brought before the North Carolina Industrial Commission under the Tort Claims Act. Defendant also asserts Plaintiff improperly alleges claims against him in his individual capacity, and all Defendants are entitled to sovereign immunity. On 26 August 2016, the trial court denied Defendant's motion. Defendant appeals.
 

 II. Appellate Jurisdiction
 

 "Typically, the denial of a motion to dismiss is not immediately appealable to this Court because it is interlocutory in nature."
 
 Reid v. Cole
 
 ,
 
 187 N.C.App. 261
 
 , 263,
 
 652 S.E.2d 718
 
 , 719 (2007) (citation omitted). " 'An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.' "
 

 *11
 

 Britt v. Cusick
 
 ,
 
 231 N.C.App. 528
 
 , 530-31,
 
 753 S.E.2d 351
 
 , 353-54 (2014) (quoting
 
 Veazey v. City of Durham
 
 ,
 
 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950) ).
 

 Defendant contends, however, that this appeal is properly before the Court because his motion to dismiss is grounded on sovereign immunity and affects a substantial
 
 *72
 
 right that would be lost in the absence of an immediate appeal.
 
 See
 

 N.C. Gen. Stat. § 1-277
 
 (a) (2015) (authorizing interlocutory appeal of order that "affects a substantial right"); N.C. Gen. Stat. § 7A-27(b)(3) (2015) (providing for an appeal of right from an interlocutory order which "affects a substantial right").
 

 "This Court has held that a denial of a Rule 12(b)(6) motion to dismiss on the basis of sovereign immunity affects a substantial right and is immediately appealable."
 
 Green v. Kearney
 
 ,
 
 203 N.C.App. 260
 
 , 266,
 
 690 S.E.2d 755
 
 , 761 (2010) (citation omitted),
 
 aff'd per curiam
 
 ,
 
 367 N.C. 113
 
 ,
 
 748 S.E.2d 143
 
 (2013). Furthermore, "this Court has held that an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable."
 
 Data Gen. Corp. v. Cty. of Durham
 
 ,
 
 143 N.C.App. 97
 
 , 100,
 
 545 S.E.2d 243
 
 , 245-46 (2001) (citations omitted). Also, rulings "denying dispositive motions based on [a] public official's immunity affect a substantial right and are immediately appealable."
 
 Summey v.
 

 Barker
 
 ,
 
 142 N.C.App. 688
 
 , 689,
 
 544 S.E.2d 262
 
 , 264 (2001) (citation omitted),
 
 aff'd in part and modified in part
 
 ,
 
 357 N.C. 492
 
 ,
 
 586 S.E.2d 247
 
 (2003). This appeal is properly before us.
 

 III. Standard of Review
 

 A. Ruling on 12(b)(6)
 

 This Court reviews the trial court's denial of a motion to dismiss
 
 de novo
 
 .
 
 White v. Trew
 
 ,
 
 366 N.C. 360
 
 , 363,
 
 736 S.E.2d 166
 
 , 168 (2013). "When applying de novo review, we consider the case anew and may freely substitute our own ruling for the lower court's decision."
 
 Lanvale Props., LLC v. Cty. of Cabarrus
 
 ,
 
 366 N.C. 142
 
 , 149,
 
 731 S.E.2d 800
 
 , 806-07 (2012) (citation and quotation marks omitted).
 

 The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted.
 

 Robinson v. Wadford
 
 ,
 
 222 N.C.App. 694
 
 , 696,
 
 731 S.E.2d 539
 
 , 541 (2012) (citation omitted). "The complaint must be liberally construed, and the
 
 *12
 
 court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief."
 
 Sain v. Adams Auto Grp
 
 ., --- N.C.App. ----, ----,
 
 781 S.E.2d 655
 
 , 659 (2016) (citation omitted).
 

 B. Ruling on 12(b)(2)
 

 "[W]hen neither party submits evidence [in support or opposition of the 12(b)(2) motion], the allegations of the complaint must disclose jurisdiction although the particulars of jurisdiction need not be alleged."
 
 Banc of Am. Secs. LLC v. Evergreen Int'l Aviation, Inc.
 
 ,
 
 169 N.C.App. 690
 
 , 693,
 
 611 S.E.2d 179
 
 , 182 (2005) (citation and quotation marks omitted). "The trial judge must decide whether the complaint contains allegations that, if taken as true, set forth a sufficient basis for the court's exercise of personal jurisdiction."
 
 Id
 
 .
 

 "When this Court reviews a decision as to personal jurisdiction, it considers only whether the findings of fact by the trial court are supported by competent evidence in the record; if so, this Court must affirm the order of the trial court."
 
 Id
 
 . at 694,
 
 611 S.E.2d at 183
 
 (citation and quotation marks omitted).
 

 IV. Official Capacity Claims against Defendant
 

 Plaintiff sued Defendant in both his individual and official capacities. Defendant argues he is entitled to sovereign immunity on any claim asserted against him in his "official capacity," and Plaintiff's claim must be asserted in the Industrial Commission under the Tort Claims Act. We agree.
 

 "It is a fundamental rule of law that the State is immune from suit unless it expressly consents to be sued."
 
 Zimmer v. North Carolina Dep't of Transp.
 
 ,
 
 87 N.C.App. 132
 
 , 134,
 
 360 S.E.2d 115
 
 , 117 (1987) (citation omitted). "By enactment of the Tort
 
 *73
 
 Claims Act, N.C.G.S. § 143-291,
 
 et seq
 
 ., the General Assembly partially waived the sovereign immunity of the State to the extent that it consented that the State could be sued for injuries proximately caused by the negligence of a State employee acting within the scope of his employment."
 
 Id
 
 .
 

 "The State may be sued in tort only as authorized in the Tort Claims Act."
 
 Guthrie v. State Ports Auth
 
 .,
 
 307 N.C. 522
 
 , 535,
 
 299 S.E.2d 618
 
 , 625 (1983) (citation omitted). The Tort Claims Act provides "[t]he North Carolina Industrial Commission is ... a court for the purpose of hearing and passing upon tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions
 
 *13
 
 and agencies of the State."
 
 N.C. Gen. Stat. § 143-291
 
 (a) (2015). If the Commission finds there was actionable "negligence on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his ... employment," the Commission shall determine the amount of damages the claimant is to be paid.
 
 Id
 
 . The statute specifically states "[c]ommunity colleges and technical colleges shall be deemed State agencies for purposes of this Article."
 
 Id
 
 .
 

 "Because an action in tort against the State and its departments, institutions, and agencies is within the exclusive and original jurisdiction of the Industrial Commission, a tort action against the State is not within the jurisdiction of the Superior Court."
 
 Guthrie
 
 ,
 
 307 N.C. at 539-40
 
 ,
 
 299 S.E.2d at 628
 
 . It is undisputed that the North Carolina Industrial Commission has exclusive jurisdiction over Plaintiff's claims against Gaston College and its Board of Trustees.
 
 See
 

 id
 
 .
 

 The trial court's order does not refer to the official or individual capacity of Defendant. "A suit against a defendant in his individual capacity means that the plaintiff seeks recovery from the defendant directly; a suit against a defendant in his official capacity means that the plaintiff seeks recovery from the entity of which the public servant defendant is an agent."
 
 Meyer v. Walls
 
 ,
 
 347 N.C. 97
 
 , 110,
 
 489 S.E.2d 880
 
 , 887 (1997) (citing Anita R. Brown-Graham & Jeffrey S. Koeze,
 
 Immunity from Personal Liability under State Law for Public Officials and Employees: An Update
 
 , Loc. Gov't L. Bull. 67, at 7 (Inst. of Gov't, Univ. of N.C. at Chapel Hill), Apr. 1995). A suit in an official capacity is "another way of pleading an action against the governmental entity."
 
 Mullis v. Sechrest
 
 ,
 
 347 N.C. 548
 
 , 554-55,
 
 495 S.E.2d 721
 
 , 725 (1998).
 

 "[I]n a suit against a public employee in his official capacity, the law entitles the employee to the same protection as that of the entity."
 
 Reid v. Town of Madison
 
 ,
 
 137 N.C.App. 168
 
 , 171,
 
 527 S.E.2d 87
 
 , 89 (2000) (citing
 
 Warren v. Guilford Cty.
 
 ,
 
 129 N.C.App. 836
 
 , 838,
 
 500 S.E.2d 470
 
 , 472,
 
 disc. review denied
 
 ,
 
 349 N.C. 241
 
 ,
 
 516 S.E.2d 610
 
 (1998) ). "
 
 Official capacity
 
 is not synonymous with
 
 official duties
 
 ; the phrase is a legal term of art with a narrow meaning-the suit is in effect one against the entity."
 
 Meyer
 
 , 347 N.C. at 111,
 
 489 S.E.2d at 888
 
 (citation and internal quotation marks omitted) (emphases supplied).
 

 Plaintiff's complaint alleges Gaston College and its Board of Trustees waived sovereign immunity by the purchase of liability insurance. Plaintiff argues his claim against Defendant in his official capacity is properly before the superior court pursuant to this waiver of sovereign immunity.
 

 *14
 
 The Tort Claims Act provides:
 

 (b) If a State agency, otherwise authorized to purchase insurance, purchases a policy of commercial liability insurance providing coverage in an amount at least equal to the limits of the State Tort Claims Act, such insurance coverage shall be in lieu of the State's obligation for payment under this Article.
 

 N.C. Gen. Stat. § 143-291
 
 (b) (2015). N.C. Gen. Stat. § 115D-24 permits community colleges to waive sovereign immunity by the purchase of liability insurance. The statute provides:
 

 The board of trustees of any [community college], by obtaining liability insurance as provided in G.S. 115D-53, is authorized to waive its governmental immunity from liability for ... injury of person ... by the negligence or tort of any agent or employee
 
 *74
 
 of the board of trustees.... Governmental immunity shall be deemed to have been waived by the act of obtaining liability insurance, but only to the extent that the board is indemnified for the negligence or torts of its agents and employees[.]
 

 N.C. Gen. Stat. § 115D-24 (2015).
 

 The interplay between the Tort Claims Act and statutes permitting state agencies to waive immunity was examined by this Court in
 
 Wood v. N.C. State Univ.
 
 ,
 
 147 N.C.App. 336
 
 ,
 
 556 S.E.2d 38
 
 (2001),
 
 disc. review denied
 
 ,
 
 355 N.C. 292
 
 ,
 
 561 S.E.2d 887
 
 (2002). The Court determined, "the phrase 'such insurance coverage shall be in lieu of the State's obligation for payment under this Article,' N.C.G.S. § 143-291(b), is more consistent with a designation of the source of payment than with a designation of the forum for adjudication."
 
 Id
 
 . at 343,
 
 556 S.E.2d at 43
 
 . Although various statutes, such as N.C. Gen. Stat. § 115D-24 at issue here, permit State agencies to waive immunity through the purchase of insurance, it is settled that "jurisdiction over tort claims against the State and its agencies remains exclusively with the Industrial Commission."
 
 Id
 
 .
 

 When sued in his official capacity, Defendant is entitled to the same sovereign immunity as Gaston College and its governing body.
 
 Id
 
 . A claim against Defendant in his official capacity is a claim against the entity and "is subject to the same jurisdictional rulings" as the suit against Gaston College and its Board of Trustees.
 
 Meyer
 
 , 347 N.C. at 111,
 
 489 S.E.2d at 888
 
 . The allegation that Gaston College purchased liability insurance and waived sovereign immunity of Defendant in his official
 
 *15
 
 capacity has no bearing on the exclusive jurisdiction of the Industrial Commission to adjudicate Plaintiff's claims against Gaston College, the Board of Trustees, and against Defendant in his official capacity. The trial court's denial of Defendant's motion to dismiss the suit against him in his official capacity is error and is reversed.
 

 V. Individual Capacity Claims against Defendant and Defendant's assertion of Public Official Immunity
 

 Defendant argues the trial court erred by denying his motion to dismiss, because he is a public official and immune to suit, and Plaintiff's allegations were insufficient to pierce his immunity. We agree in part.
 

 A. Individual Liability
 

 Plaintiff may bring a State Tort Claims action against Gaston College before the Industrial Commission, and also bring a separate common law action in the superior court against Defendant individually. Our Supreme Court has explained:
 

 The only claim authorized by the Tort Claims Act is a claim against the State agency. True, recovery, if any, must be based upon the actionable negligence of an employee of such agency while acting within the scope of his employment. However, recovery, if any, against the alleged negligent employee must be by common law action. Plaintiffs could obtain no relief against [the defendant] under the Tort Claims Act.
 

 Wirth v. Bracey
 
 ,
 
 258 N.C. 505
 
 , 507-08,
 
 128 S.E.2d 810
 
 , 813 (1963).
 

 [T]he fact that the Tort Claims Act provides for subject matter jurisdiction in the Industrial Commission over a negligence claim against the State does not preclude a claim against defendants in Superior Court. A plaintiff may maintain both a suit against a state agency in the Industrial Commission under the Tort Claims Act and a suit against the negligent agent or employee in the General Court of Justice for common-law negligence.
 

 Meyer,
 

 347 N.C. at 108
 
 ,
 
 489 S.E.2d at 886
 
 . "Of course, [P]laintiff[ ] may not recover from all sources an amount in excess of the damages [he] sustained."
 
 Wirth
 
 ,
 
 258 N.C. at 509
 
 ,
 
 128 S.E.2d at
 
 814 ;
 
 see also
 

 Meyer
 
 , 347 N.C. at 108,
 
 489 S.E.2d at 886
 
 ("Although a plaintiff may not receive a double recovery, he may seek a judgment against the agent or the principal or both.").
 

 *16
 

 B. Public Official versus Public Employee
 

 Defendant asserts he was acting in the capacity of a public official at the time Plaintiff's injury occurred and is immune from suit. "The doctrine of public official immunity is a derivative form of governmental immunity."
 
 Hart v. Brienza
 
 , --- N.C.App. ----, ----,
 
 784 S.E.2d 211
 
 , 215 (2016)
 

 *75
 
 (citation and internal quotation marks omitted). "[A] public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. However, a public employee may be held individually liable."
 
 Isenhour v. Hutto
 
 ,
 
 350 N.C. 601
 
 , 609-10,
 
 517 S.E.2d 121
 
 , 127 (1999) (citation and quotation marks omitted).
 

 In distinguishing between a public official and a public employee, our courts have held that (1) a public office is a position created by the constitution or statutes; (2) a public official exercises a portion of the sovereign power; and (3) a public official exercises discretion, while public employees perform ministerial duties. Additionally, an officer is generally required to take an oath of office while an agent or employee is not required to do so.
 

 Fraley v. Griffin
 
 ,
 
 217 N.C.App. 624
 
 , 627,
 
 720 S.E.2d 694
 
 , 696 (2011) (citation, quotation marks, and brackets omitted).
 

 Plaintiff's complaint alleges Defendant is a "sergeant with the City of Gastonia Police Department" who was "employed by [Gaston College] as a basic law enforcement trainer." It is well settled that police officers are public officials.
 
 Mills v. Duke Univ
 
 .,
 
 234 N.C.App. 380
 
 , 384,
 
 759 S.E.2d 341
 
 , 344 (2014).
 

 BLET instructors are not required to be either active duty or certified police officers. Citizens may also serve as BLET instructors, if they have acquired four years of practical experience as an "administrator or specialist in a field directly related to the criminal justice system." 12 N.C.A.C. 09B. 0302. While Defendant was employed as an active duty police officer for the City of Gastonia, he was clearly acting in the capacity of a BLET instructor, and was employed and compensated by Gaston College, when the incident occurred. We are guided by the factors set forth in
 
 Fraley,
 

 217 N.C.App. at 627
 
 ,
 
 720 S.E.2d at 696
 
 ,
 
 supra
 
 , to determine whether a BLET instructor is a public official or a public employee.
 

 *17
 

 1. Position Created by Statute and the Exercise of the Sovereign's Power
 

 Defendant first contends that the position of BLET instructor is created by statute and is regulated by the State. "This Court has noted that cases which have recognized the existence of a public officer did so when either the officer's position had 'a clear statutory basis' or the officer had been 'delegated a statutory duty by a person or organization created by statute.' "
 
 Fraley
 
 ,
 
 217 N.C.App. at 627
 
 ,
 
 720 S.E.2d at 696
 
 (quoting
 
 Farrell v. Transylvania Cty. Bd. of Educ.
 
 ,
 
 199 N.C.App. 173
 
 , 177-79,
 
 682 S.E.2d 224
 
 , 228-29 (2009) ).
 

 "It is in the public interest that ... education and training be made available to persons who seek to become criminal justice officers." N.C. Gen. Stat. § 17C-1 (2015). Chapter 17C of our General Statutes establishes the North Carolina Criminal Justice Education and Training Standards Commission ("the Commission"). The Commission has the power to "[e]stablish minimum educational and training standards that must be met in order to qualify for entry level employment and retention as a criminal justice officer[.]" N.C. Gen. Stat. § 17C-6(a)(2) (2015).
 

 The Commission also has the authority to "[e]stablish minimum standards for the certification of criminal justice training schools and programs or courses of instruction that are required by [Chapter 17C]," and "[e]stablish minimum standards and levels of education and experience for all criminal justice instructors[.]" N.C. Gen. Stat. § 17C-6(a)(4) and (a)(6). The Commission may "[c]ertify and recertify, suspend, revoke, or deny ... criminal justice instructors and school directors who participate in programs or courses of instruction that are required by [Chapter 17C]." N.C. Gen. Stat. § 17C-6(a)(7).
 

 The North Carolina Criminal Justice Education and Training System is statutorily created under the Commission, and is "a cooperative arrangement among criminal justice agencies, both State and local, and criminal justice education and training schools, both public and private, to provide education and training to the officers and employees of the
 
 *76
 
 criminal justice agencies of the State of North Carolina and its local governments." N.C. Gen. Stat. § 17C-8 (2015). These statutes demonstrate the General Assembly's determination and directive that "the administration of criminal justice is of statewide concern, and that proper administration is important to the health, safety and welfare of the people of the State and is of such nature as to require education and training of a professional nature" for law enforcement officers. N.C. Gen. Stat. § 17C-1. We find Defendant, in his role as a BLET firearms instructor,
 
 *18
 
 was "delegated a statutory duty by a person or organization created by statute."
 
 Fraley
 
 ,
 
 217 N.C.App. at 627
 
 ,
 
 720 S.E.2d at 696
 
 .
 

 "An essential difference between a public office and mere employment is the fact that the duties of the incumbent of an office shall involve the exercise of some portion of the sovereign power."
 
 State v. Hord
 
 ,
 
 264 N.C. 149
 
 , 155,
 
 141 S.E.2d 241
 
 , 245 (1965) (citation omitted). The State possesses both the power and obligation to train, educate, regulate, and maintain all North Carolina law enforcement officers. We hold that Defendant was engaged in the "exercise of some portion of the sovereign power" in training officers to properly discharge their duties and to administer criminal justice.
 
 Id
 
 .
 

 2. Exercise of Discretion
 

 Our Supreme Court has explained that "[d]iscretionary acts are those requiring personal deliberation, decision and judgment. Ministerial duties, on the other hand, are absolute and involve merely execution of a specific duty arising from fixed and designated facts."
 
 Isenhour
 
 ,
 
 350 N.C. at 610
 
 ,
 
 517 S.E.2d at 127
 
 (internal quotations and citations omitted). In
 
 Baker v. Smith
 
 ,
 
 224 N.C.App. 423
 
 ,
 
 737 S.E.2d 144
 
 (2012), this Court held an assistant jailer exercised sufficient discretion for public official immunity to apply. This Court explained, "we do not consider just one duty or one aspect of the assistant jailer's duties in deciding whether she exercises discretion. Rather, we must consider her duties as a whole."
 
 Id
 
 . at 431,
 
 737 S.E.2d at 150
 
 .
 

 Here, Defendant was tasked with educating and instructing law enforcement trainees in the proper use of firearms. The trainees were permitted to handle, load, fire, unload, breakdown and clean their weapons in close proximity to each other. Proper firearm training and safety is a serious undertaking and encompasses severe risks and hazards, as here. We hold Defendant's position as a public community college BLET instructor involved sufficient exercise of the sovereign's power and the exercise of his own experience, judgment and discretion to consider Defendant to be a public official.
 

 C. Allegations Sufficient to Pierce Immunity
 

 Defendant argues Plaintiff failed to plead allegations sufficient to pierce Defendant's public official immunity to allow suit to proceed against him in his individual capacity. We disagree.
 

 Plaintiff's complaint alleges Defendant failed to ensure all of the BLET trainees' weapons were unloaded before they left the firing range.
 

 *19
 
 When another student in the class with Plaintiff experienced trouble in breaking down her weapon, Defendant took the weapon from her and began to manipulate its moving parts. Defendant pulled the trigger while the weapon was pointed at Plaintiff's abdomen. The still loaded weapon discharged and Plaintiff was shot at point blank range. Plaintiff alleges Defendant's actions amounted to gross negligence and willful and wanton conduct.
 

 "[A] public official is immune from suit unless the challenged action was (1) outside the scope of official authority, (2) done with malice, or (3) corrupt."
 
 Wilcox v. City of Asheville
 
 ,
 
 222 N.C.App. 285
 
 , 288,
 
 730 S.E.2d 226
 
 , 230 (2012).
 

 A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. Thus, elementally, a malicious act is an act (1) done
 
 *77
 
 wantonly, (2) contrary to the actor's duty, and (3) intended to be injurious to another.
 

 Id
 
 . at 289,
 
 730 S.E.2d at 230
 
 .
 

 " '[T]he intention to inflict injury may be constructive as well as actual' and ... constructive intent to injure exists where the actor's conduct 'is so reckless or so manifestly indifferent to the consequences, where the safety of life or limb is involved, as to justify a finding of [willfulness] and wantonness equivalent in spirit to an actual intent.' "
 
 Id
 
 . at 289,
 
 730 S.E.2d at 231
 
 (quoting
 
 Foster v. Hyman
 
 ,
 
 197 N.C. 189
 
 , 192,
 
 148 S.E. 36
 
 , 38 (1929) ).
 

 "[A] showing of mere reckless indifference is insufficient, and a plaintiff seeking to prove malice based on constructive intent to injure must show that the level of recklessness of the officer's action was so great as to warrant a finding equivalent in spirit to actual intent."
 
 Id
 
 . at 292,
 
 730 S.E.2d at 230
 
 . Plaintiff's allegation that Defendant, an experienced law enforcement officer and a certified BLET firearms instructor, pulled the trigger of a loaded deadly weapon while it was pointed at a student's abdomen, is sufficient to withstand Defendant's Rule 12(b)(6) motion to dismiss under this test.
 
 Id
 
 .
 

 VI. Conclusion
 

 When sued in his official capacity, Defendant is entitled to the same sovereign immunity as Gaston College and its Board of Trustees. The North Carolina Industrial Commission possesses exclusive personal
 
 *20
 
 jurisdiction over the claim against Defendant in his official capacity. The trial court erred to the extent it denied Defendant's motion to dismiss the suit against him in his official capacity.
 

 The Defendant meets the criteria for a public official, as opposed to a public employee, which would ordinarily entitle him to immunity from a negligence suit. However, liberally construing Plaintiff's allegations on the face of the complaint as we are bound to do on a motion to dismiss, we determine Plaintiff's complaint sufficiently alleges facts to pierce Defendant's public official immunity. The trial court did not err by denying Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's claims against Defendant in his individual capacity. The trial court's order is affirmed in part, reversed in part, and is remanded to the trial court for further proceedings consistent with this opinion.
 
 It is so ordered.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 Judges ELMORE and DIETZ concur.