An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1077

Filed 20 August 2025

North Carolina Industrial Commission, I.C. No. TA-031621

CURTIS STERLING MURDOCK, III, Plaintiff,

v.

CITY OF GREENSBORO, Defendant.

Appeal by plaintiff from order entered 18 September 2024 by the North Carolina Industrial Commission. Heard in the Court of Appeals 31 July 2025.

*Plaintiff-appellant Curtis Sterling Murdock, III, pro se.*

*Greensboro City Attorney's Office, by Chief Deputy City Attorney Anthony J. Baker, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Curtis Sterling Murdock, III, appeals from an order of the North Carolina Industrial Commission dismissing his action against the City of Greensboro under the Tort Claims Act for lack of subject-matter jurisdiction. After careful review, we affirm.

## I.    Background

On 6 October 2022, a Guilford County jury found Plaintiff not guilty of robbery with a dangerous weapon. In relation to this matter, Plaintiff contends that he was wrongfully incarcerated for approximately 45–90 days.[1]

On 1 April 2024, Plaintiff filed a claim in the North Carolina Industrial Commission against the City of Greensboro under the Tort Claims Act. In his complaint, Plaintiff alleged that he was mistreated by the Greensboro Police Department, R. Poole, and R.G. Poole. Plaintiff raised claims for negligent infliction of emotional distress, negligent arrest, negligent incarceration, negligent false incarceration, fraud, gross negligence, negligent imprisonment, and negligent libel and slander. He sought $13 million in damages.

This matter came on for hearing before the Industrial Commission on 10 April 2024. Senior Deputy Commissioner Robert J. Harris entered an order dismissing the claim without prejudice, reasoning:

> Plaintiff does not name any agency of the State of North Carolina as a defendant in this claim. Rather, the claim is set out against a municipality, based on an alleged occurrence[ ] involving employees of that municipality's police department. . . . Pursuant to N.C. Rule of Civil Procedure 12(h)(3), and . . . N.C. Gen. Stat. § 143-291, . . . the Industrial Commission does not have jurisdiction over this claim.

Plaintiff appealed to the Full Commission, which reviewed this matter on 17

---

[1] The stated period of Plaintiff's confinement varies throughout the record. In his appellate brief, Plaintiff claims 51 days; in his amended notice of appeal, he claims 67 days; and in his Tort Claim Affidavit, he claims both 90 and 45–90 days.

September 2024. The next day, the Full Commission entered an order dismissing the case for lack of subject-matter jurisdiction.

Plaintiff timely filed notice of appeal from the Full Commission's order.

## II.    Analysis

On appeal, Plaintiff raises numerous challenges to the Full Commission's order. However, there is but one dispositive issue: whether the Commission had subject-matter jurisdiction over Plaintiff's claim. We affirm the Full Commission's order.

### A. Standard of Review

"[W]hen reviewing findings of fact by the Commission on which the scope of its jurisdiction depends, we apply a de novo standard of review." *Cunningham v. Goodyear Tire & Rubber Co.*, 381 N.C. 10, 16, 871 S.E.2d 724, 729 (2022).

### B. Discussion

Plaintiff sought relief under the Tort Claims Act, which authorizes the North Carolina Industrial Commission to review "tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State." N.C. Gen. Stat. § 143-291(a) (2023). Importantly, "[t]he only claim authorized by the Tort Claims Act is a claim against [a] State agency." *Chastain v. Arndt*, 253 N.C. App. 8, 15, 800 S.E.2d 68, 74 (2017) (citation omitted).

However, the City of Greensboro is not an agency of the State. Rather, a "city" is "a municipal corporation organized under the laws of this State." N.C. Gen. Stat.

§ 160A-1(2). As explained above, the Tort Claims Act authorizes claims against State agencies—not cities. *See Chastain*, 253 N.C. App. at 15, 800 S.E.2d at 74.

"The scope of the Tort Claims Act may not be enlarged beyond the meaning of its plain and unambiguous terms." *Collins v. N.C. Parole Comm'n*, 118 N.C. App. 544, 548, 456 S.E.2d 333, 336 (1995), *aff'd as modified*, 344 N.C. 179, 473 S.E.2d 1 (1996). Accordingly, the Full Commission properly dismissed Plaintiff's action for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). Having so concluded, we need not address the remaining issues on appeal.

## III. Conclusion

The Full Commission did not err in dismissing Plaintiff's claim. Thus, we affirm the Full Commission's order.

AFFIRMED.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).